JOHN B. TERRIS et al., Respondents, *v.* JOSEPH V. CUMMISKEY, Appellant.

Third Department, July 27, 1960.

*Personius & Marinan (James E. Personius* of counsel), for appellant.

*Hoover & Peterson (J. R. Hoover* of counsel), for respondents.

*Per Curiam.* The plaintiffs entered into a contract with the defendant on May 13, 1954 under which he built them a house for which they paid $13,500. The plaintiffs testified that before this contract was entered into they had conversations with the defendant in reference to the lot where the house was to be built. These conversations concerned whether they would have a dry cellar. The plaintiffs testified, "We asked him, 'Are we going to have a dry cellar,' because when we were there Saturday it was like a mud hole up in there, and he says, 'There is nothing to worry about. I will guarantee you a dry cellar up there'" "we asked, 'Are you sure we can have a dry cellar', and he says, 'I'll guarantee you a dry cellar; you have nothing to worry about up there.'" The plaintiffs moved into the house in August, 1954 and in March, 1955 began to experience a water condition in the cellar. The defendant did various things to the cellar but the water condition continued. The plaintiffs instituted this action based on the fraud of the defendant in inducing them to enter into the contract. A woman who had moved into a house across the street from the plaintiffs the week before they entered into their contract with the defendant testified that she had water in her cellar at that time and that the defendant was aware of it. Another woman for whom the defendant had built a house in the same neighborhood testified that she had water in her cellar of which the defendant was aware in March, 1954.

The court properly charged the essential constituents of the action; a misrepresentation of a material existing fact, falsity, *scienter,* deception and injury. The jury was also charged that if they found the defendant made the representation in question "with a reckless disregard of whether it was true or false" they could find for the plaintiffs. Fraud includes pretense of knowledge when there is none and if a statement is recklessly made without knowledge or without genuine belief in its truth the statement may be actionable (*State St. Trust Co.* v. *Ernst,* 278 N. Y. 104; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170). There was ample evidence in this record from which the jury could find that the defendant knew when he made the representation to the plaintiffs, that other houses which he had built in the immediate area had water conditions in their cellars, and in addition he was in the position of an expert or one having special knowledge. His representation herein was of a present

intention, ability, and capacity to build a dry cellar on the site involved. Such a statement may be deemed a representation of a material existing fact. The proposed site herein was a part of defendant's own subdivision, where he had built many houses in an area he knew to be wet. He further knew that other houses in very close proximity to the site involved had water in cellars at the very time he was making the representation that the cellar would be dry. The principles enunciated in *Channel Master Corp.* v. *Aluminum Ltd.* (4 N Y 2d 403, 406–407) are pertinent here. In that case it was stated by Fuld, J.:

" To maintain an action based on fraudulent representations, whether it be for the rescission of a contract or, as here, in tort for damages, it is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged. (See *Brackett* v. *Griswold*, 112 N. Y. 454, 467; *Hadcock* v. *Osmer*, 153 N. Y. 604, 608; *Rice* v. *Manley*, 66 N. Y. 82, 84; 3 Restatement, Torts, § 525, p. 59; 1 Harper & James on The Law of Torts [1956], § 7.1, pp. 527–528; Prosser on Torts [2d ed., 1955], § 86, p. 523.) The essential constituents of the action are fixed as representation of a material existing fact, falsity, *scienter*, deception and injury. (See *Sabo* v. *Delman*, 3 N Y 2d 155, 159–160; *Deyo* v. *Hudson*, 225 N. Y. 602, 612; *Ochs* v. *Woods*, 221 N. Y. 335, 338; *Urtz* v. *New York Cent. & H. R. R. R. Co.*, 202 N. Y. 170, 173.) Accordingly, one 'who fraudulently makes a misrepresentation of * * * intention * * * for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction' is liable for the harm caused by the other's justifiable reliance upon the misrepresentation. (3 Restatement, Torts, § 525, p. 59.)

" A person's intent, his state of mind, it has long been recognized, is capable of ascertainment and a statement of present intention is deemed a statement of a material existing fact, sufficient to support a fraud action. (See *Sabo* v. *Delman*, 3 N Y 2d 155, 160, *supra*; *Deyo* v. *Hudson*, 225 N. Y. 602, 612, *supra*; *Ritzwoller* v. *Lurie*, 225 N. Y. 464, 468; *Adams* v. *Gillig*, 199 N. Y. 314, 319–322; 3 Restatement, Torts, § 530, pp. 69–71; 1 Harper & James, *op. cit.*, § 7.10, pp. 570–573; Prosser, *op. cit.*, § 90, pp. 563–564.) "

In close cases where a statement is capable of different interpretations one indicating knowledge and the other only an expression of opinion, the question is one for the jury (*Bareham & McFarland* v. *Kane*, 228 App. Div. 396).

Although on this record the jury was justified in returning a verdict for the plaintiff, an improper measure of damages was

applied. The damage recoverable is the difference between the amount paid and the value received (*Reno* v. *Bull*, 226 N. Y. 546, 553). A real estate appraiser testified that the house in 1954 (with the landscaping, garage and driveway which the plaintiffs had added at a cost of $2,700) was worth $12,000 with the water condition which made the value plaintiffs received $9,300. Thus the maximum amount recoverable here would be $4,200 which is the difference between the amount paid which was $13,500 and the value of the property received which was $9,300. From this amount must be subtracted $90 awarded defendant on his counterclaim.

Judgment should be reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event unless within 20 days after the entry of the order herein, the respondents stipulate to reduce the verdict to $4,110 in which event the judgment as so reduced should be affirmed, without costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event unless within 20 days after the entry of the order herein, the respondents stipulate to reduce the verdict to $4,110, in which event the judgment as so reduced and modified is affirmed, without costs.