Joseph Life, J.
The defendant seeks an order dismissing the complaint for the reason that it fails to state a canse of action (CPLB 3211, suhd. [a], par. 7). The application was initiated on a copy of the complaipt and notice of motion. The parties submitted supporting affidavits and memoranda of law.
Plaintiff’s complaint contains'the elements of a cause of action in deceit (Prosser, Torts [2d ed.], § 86, p. 523). The parties had lived together for a number of years, the plaintiff knowing that the defendant had a wife living by a previous marriage which had not been dissolved. It may be gathered that they assumed that one day the defendant would be free to marry the. plaintiff. The parties thought that day arrived in April of 1966 when they went to Mexico together in anticipation of the defendant being divorced by his wife. Plaintiff avers that there the defendant represented to her that he had been divorced and was free to marry her, and that relying on those representations she married the defendant in Mexico and returned with him to their home in this county. Finally, she says that when their relationship deteriorated and she discovered that she had been deceived, she brought this action to recover damages for mental anguish, shame, humiliation, shock, etc. No one of the elements in an action for deceit has been omitted from the complaint and the application under CPLR 3211 (subd. [a], par. 7) would have to be denied. However, the defendant, apparently having in mind the provisions of CPLR 3211 (subd. [c]), in his affidavit of facts and his supporting memoranda of law urges that since the parties had entered into an extramarital arrangement prior to the marriage, her complaint is defective and must be dismissed.
The right of a woman to bring an action to recover damages where she has been deceived into entering a marriage relationship has been recognized in this and other jurisdictions (Tuck v. Tuck, 14 N Y 2d 341; Jekshewitz v. Groswald, 265 Mass. 413; Blossom v. Barrett, 37 N. Y. 434; Larson v. McMillan, 99 Wash. *165 626; Spellens v. Spellens, 49 Cal. 2d 210). The question presented here is whether she is barred from bringing that action because of the fact that prior to the “ marriage ceremony ” the parties had lived together as man and wife. Here the plaintiff’s claim is predicated not on the fact that she was deceived into cohabiting with him but rather on her grievance that by virtue of the marriage ceremony and the conduct of the defendant thereafter, an injury was visited upon her from which she suffered public ridicule, shame, humiliation and other mental anguish.
The defendant, urging that the plaintiff knew all of the facts, contends that she was not deceived. Thus he raises an issue to be resolved upon the trial.
Defendant relies on Rappel v. Rappel (39 Misc 2d 222 [May 10, 1963]) in which the trial court, among other things, determined that the plaintiff could not recover because she had failed to establish an “ assault on her virtue ” (p. 227). In making its decision that court was guided by Tuck v. Tuck (18 A D 2d 101 [March 5, 1963]) and although the court in Rappel v. Rappel (supra) was affirmed (20 A D 2d 850 [March 3, 1964]), Tuck v. Tuck (supra) was reversed in the Court of Appeals (14 N Y 2d 341 [July 10, 1964]) on the dissenting opinion of Mr. Justice McNally in the Appellate Division. Mr. Justice McNally said (Tuck v. Tuck, 18 A D 2d 101, 108): “ The gravamen of a complaint in fraud and deceit in both types of cases is that a defendant took certain affirmative, fraudulent steps which resulted in damage to plaintiff.” He went on to distinguish the action in fraud from one of breach of promise to marry. Neither of the parties cited the decision of the Court of Appeals in the Tuck case which would have revealed that the defendant’s confidence in Rappel v. Rappel (supra) was misplaced.
Whether plaintiff here was deceived and whether, if she was deceived she was damaged, are questions of fact to be resolved at trial. Without appearing to condone the conduct of the parties some may suggest that there is a certain virtue in a woman who knowingly enters into a relationship with a man out of a deep affection, not secured by marriage vows and without the statutory rights accompanying them and thus places herself in a precarious position. Certainly she has not put herself beyond the pale to the extent where this court can say that she cannot be subjected to injury by a deceit practiced upon her.
There is language in the decision of the Court of Appeals in Tuck v. Tuck (supra) which gives one pause. They refer to “An innocent woman who is deceived” who afterwards “ cohabits ” (p. 345) and again at the foot of that same page *166 they refer to the ‘ ‘ subsequent cohabitation ’5 of .the parties. However, this court is of the view that they did not intend to impose the requirement that the woman claiming to have been deceived must not have cohabited with defendant until after the “marriage ceremony”. We think that where as in the complaint here the defendant is charged with taking affirmative fraudulent steps which resulted in damage to the plaintiff the complaint states a cause of action. The issues of fact must be resolved upon the trial and the question of the plaintiff’s virtue would affect the award in damages.
In Friedman v. Libin (4 Misc 2d 248, affd. 3 AD 2d 827) Mr. Justice Matthew M. Levy held that a plaintiff was not barred from bringing her action where after discovery of the fraud she continued to live with the man and that her conduct did not constitute a waiver of her action in deceit. In that case too the woman’s virtue came into question because she did not leave her putative spouse immediately upon the discovery of the wrong which had been done to her. Judge Levy directed attention to the fact that it might be as much in the public interest to make it known that a man would be held accountable in damages for deceiving a woman into participating in a marriage ceremony as it would be in that interest to discourage persons (p. 253) ‘ ‘ from marrying bigamously and from living adulterously. ’ ’
There has not been presented to us, nor have we encountered, a case in this jurisdiction similar to the one at bar. In a similar action, the court of a sister State, said: ‘ ‘ From the standpoint of immoral conduct, aside from criminal guilt, the parties were in equal degree of guilt up to the time of the marriage. But plaintiff was innocent of the fact that the defendant had an undivorced wife. Her low and questionable reputation may have suffered still more after the illegal marriage became generally known; and the illegal marriage may have brought her some mental pain and suffering. None but herself can accurately say that it did not.” (Mashunkashey v. Mashunkashey, 189 Okla. 60, 62.)
I can see no reason for precluding a woman from bringing an action for fraud although she had lived with a man without the benefit of law where a relationship of trust and confidence had arisen (Benintendi v. Benintendi, 1 Misc 2d 474, affd. 273 App. Div. 969, affd. 298 N. Y. 848) and she is then deceived into entering into a void marriage and upon discovering the same seeks recompense for the injury which has been done to her.
The plaintiff here does not claim to have been seduced nor does she seek damage because of seduction. Even if that element were present here, which it is not, it would in any event have *167 been considered only in connection with the question of damages (Fearon v. Treanor, 272 N. Y. 268).
In Tuck v. Tuck (18 A D 2d 101, revd. 14 27 Y 2d 341) it was stated in the majority decision (p. 107): “ Public policy requires that a woman must share responsibility for the illicit relationship resulting from the failure to comply with the law.” The plaintiff here assumed and shared that burden until April, 1966 when the defendant who shared it with her is alleged to have made certain representations which resulted in injury. Assuming that what she says is true should he be permitted to avoid responsibility because of the prior relationship to which he was a party?
Again, the defendant here is not being charged with falsely inducing the plaintiff to cohabit with him but with the injury which she suffered as a result of his having fraudulently induced her to enter into a marriage ceremony and a new relationship with him which quickly dissolved.
In Larson v. McMillan (99 Wash. 626, supra) the Supreme Court of the State of Washington affirmed a judgment which awarded damages to a plaintiff for a similar action though there was evidence of a premarital relationship.
Among the questions of fact which remain to be resolved upon the trial are, whether because of the relationship of trust and confidence which had arisen between the parties plaintiff had a right to rely on representations made to her by the defendant; whether such statements were actually made with knowledge of their falsity; and whether or not plaintiff relied upon them to her damage (Jekshewitz v. Groswald, 265 Mass. 413, supra).
Our Court of Appeals has recognized ‘ ‘ that one may seek redress for every substantial wrong. ’ ’ (Battalla v. State of New York, 10 N Y 2d 237, 240.) (Weicker v. Weicker, 22 N Y 2d 8.) Defendant’s motion is denied.