Coolite Corporation, Respondent, v American Cyanamid Company, Appellant, et al., Defendants.

First Department, June 22, 1976

*Edward N. Costikyan* of counsel *(Anthony M. Radice* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*James J. Maloney* of counsel *(John B. Koegel* with him on the brief; *Rogers & Wells,* attorneys), for respondent.

YESAWICH, J. During the 1960's American Cyanamid Co. (hereinafter Cyanamid) engaged in research in the field of chemiluminescence and as a result, by 1970 it had developed a "light stick". When the outer plastic tube of the light stick is bent chemical solutions within the tube combine and supposedly produce a greenish light lasting several hours. The light stick is disposable and usable only once.

In January, 1971 plaintiff, Coolite Corporation (hereinafter Coolite) and Cyanamid entered into an agreement establishing Coolite as an exclusive distributor of the light stick. Under the agreement Coolite was to purchase a minimum of four million light sticks within a 15-month period after the first delivery, which occurred on October 1, 1971, with an option to buy an additional five million. Deliveries for succeeding years were also scheduled. Despite claimed initial market acceptance of

the product, subsequent orders were not forthcoming ostensibly because the light sticks were not of merchantable quality. Coolite thereupon commenced this action claiming misrepresentation, breach of warranty and damages therefor.

Four causes of action are alleged. The first sounds in fraud, the second is for negligent and reckless misrepresentation and third and fourth are on the contract. Defendant appeals from an order denying its motion to dismiss the complaint and for summary judgment.

The representations underlying the first and second causes of action are that Cyanamid spent substantial amounts for research to develop the light stick; had fully tested the light stick, which could be produced in large commercial quantities of merchantable quality; had the capability and would develop light sticks with other colors and notably that a red light stick would be produced in commercial quantities by the end of 1971; the outer plastic tube would not leak; the product would work and have a shelf-life of at least two years; and that although prior to January, 1971 Cyanamid knew the outer plastic tube was susceptible to moisture penetration thereby impairing the capacity of the chemicals to produce light, some six months later, it represented it had recently discovered this defect and had remedied it by developing an impermeable shield. It is claimed the representations were knowingly false and untrue in that: Cyanamid had not spent the amounts represented for research; a commercially unreasonable number of light sticks received by Coolite leaked, did not have a two-year shelf-life and were not of merchantable quality; and that neither a red light stick nor an adequate shield was developed.

Appellant acknowledges the representation that it failed to expend the research moneys claimed, and that in June, 1971, prior to the first delivery to Coolite, it represented it had just discovered the plastic tube was susceptible to moisture penetration and had eliminated this defect, coupled with allegations of reliance thereon and resulting injury, are sufficient to state a cause of action. As to the balance of the representations however it is urged they are legally insufficient because they are promissory in nature and there is no allegation Cyanamid had a present intention not to perform them.

Cyanamid's concession, that the entire first cause of action is not defective, in itself warrants denial of the motion to dismiss this cause of action. (*Nader v General Motors Corp.,*

25 NY2d 560.) But more importantly a fair reading of the complaint affords ample basis for concluding Cyanamid's representations, concerning the state of its research and testing and its ability to produce a perfected light stick, when made, were representations of fact and not merely promises of future action. When the complaint and the contract, which it incorporates, are considered together it is apparent Coolite claims it was induced to enter into the distributorship agreement because Cyanamid represented that as a result of thorough testing it was then presently able to carry out its contractual commitment to produce commercial quantities of merchantable light sticks and that these representations were knowingly false and untrue *when made.* Allegations of this character are sufficient to sustain a fraud claim. *(Terris v Cummiskey,* 11 AD2d 259.)

That this reading of the complaint is not without substance is evidenced by Coolite's president's averment that both prior to and after the execution of the agreement Cyanamid intentionally and/or negligently misrepresented its ability to produce a perfected light stick and that Coolite and its investors would not have entered into the agreement but for the fact that throughout the negotiations Cyanamid continuously represented it "was capable" of mass producing a perfected product.

Special Term's refusal to dismiss the *second* cause of action was also proper. In that claim, which is predicated on the very same representations, plaintiff asserts Cyanamid is liable for reckless and negligent misrepresentations. False statements, recklessly made, without knowing whether they are true or false will support a fraud action. (24 NY Jur, Fraud and Deceit, § 150.) And while generally there is no liability for words negligently spoken, there is an exception when the parties' relationship suggests a closer degree of trust and reliance than that of the ordinary buyer and seller. *(Dorsey Prods. Corp. v United States Rubber Co.,* 21 AD2d 866, affd 16 NY2d 925.)

Although the distributorship agreement refers to the parties as vendor and purchaser, there is merit to respondent's contention that here a special relationship existed. According to plaintiff's president, in the course of negotiating for the distributorship, Cyanamid indicated a new company with solid capitalization would have to be formed before an agreement

could be reached. As a consequence Coolite was formed. Surely the formation of a new corporation, with paid in capitalization of $500,000, created for the sole purpose of marketing a new product of Cyanamid's attests the parties' relationship was intrinsically a more intimate association, at least in terms of reliance and trustworthiness, than that of the commonly encountered buyer and seller.

The third and fourth causes of action are both based on the contract and are considered together because their viability depends on whether plaintiff gave written notice of claim as the contract required. The contract provides: "Failure by Coolite to give Seller *written* notice of claim within sixty (60) days from date of delivery or, in the case of non-delivery, from the date fixed for delivery, or, in the case of a claim by a customer of Coolite, then within thirty (30) days from the date of receipt of such claim by Coolite, shall constitute a waiver by Coolite of all claims in respect of such Products." (Emphasis added.) Unless unconscionable, contractual limitations of this character are generally enforceable. Of course if the defects in the goods are latent and not readily discoverable before their use, only a reasonable contractual provision as to the time for inspection and presentment of claims is effective. *(Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398; *Jessel v Lockwood Textile Corp.,* 276 App Div 378.) But the issue of the reasonableness of this time limitation on plaintiff's remedies need not be decided for excepting three claims all of which were settled to the satisfaction of both parties, plaintiff concededly never gave written notice that the goods were defective or notice of any other customer claims. This failure to furnish the requisite notice, considered in conjunction with Coolite's acceptance of subsequent deliveries of the product, precludes Coolite from obtaining relief on the contract. This is so notwithstanding the assertion oral notice was given. (See, e.g., *Rogers v Case Co.,* 272 SW2d 429 [Texas Civ App]; *MacLeod v I.J. Fox, Inc.,* 306 Mass 15.)

Nor does it appear the requirement of written notice was waived. Reference is made to Cyanamid's having responded to Coolite's oral complaints but nowhere in the record is it suggested Cyanamid promised to act on those complaints. In fact, throughout the course of the parties' dealings Cyanamid never honored oral complaints. Inasmuch as they stipulated written notice be given, and it was not, and oral notice was not acted upon by Cyanamid there was no waiver of the

contracted for notice. *(Northern Elec. Mfg. Co. v Benjamin Coal Co.,* 116 Wis 130.)

Finally respondent's contention that this provision was designed to bar only claims to recover the purchase price of particular light sticks or to obtain their replacement and not intended to bar a claim for breach of the entire agreement is insupportable for the agreement specifically provides failure to give written notice constitutes a waiver by Coolite of "all" claims. Whether the claim be addressed to a defect in an individual light stick or to Cyanamid's overall and presumably quantitatively massive failure to provide a merchantable product, written notice was essential. The third and fourth causes of action must therefore be dismissed in their entirety and the order entered on May 1, 1975 modified accordingly, on the law, without costs and without disbursements.

KUPFERMAN, J. P. (dissenting in part). The court's opinion dismissing the third and fourth causes of action for breach of contract is grounded on failure to give written notice of claims of individual defects. However, this avoids the basic contention of the complaint, of which individual oral claims of defect are only evidence, that, in addition to the defendant having actual knowledge in the premises, the products were warranted by contract to be of merchantable quality and in accordance with the specifications set forth, which, it is alleged, they were not. Also, that, in further breach, they did not have a warranted two-year "shelf life"; obviously a latent defect. *(Wilson Trading Corp. v David Ferguson Ltd.* 23 NY2d 398.)

I would affirm the court at Special Term and leave all of the issues for trial.

BIRNS, J., concurs with YESAWICH, J.; CAPOZZOLI and LANE, JJ., concur in result; KUPFERMAN, J. P., dissents in part in an opinion.

Order, Supreme Court, New York County, entered on May 1, 1975, modified, on the law, and the third and fourth causes of action dismissed in their entirety, and severed, and the order otherwise affirmed, without costs and without disbursements.