**Victoria A. STEWART, Plaintiff–Appellant,**

v.

**JACKSON & NASH; Laurence G. Bodkin, Jr., Paul H. Decoster; William R. Dunlop; Ronald S. Herzog; Susan Frank Kelley; Albert L. Lingelbach; Edward Maguire, Jr., Joseph Michaels IV, C. Frederick Rogge III, Christopher S. Rooney, Roger D. Smith, and Jeffrey G. Steinberg, Defendants–Appellees.**

**No. 1347, Docket 92–7056.**

United States Court of Appeals, Second Circuit.

Argued April 20, 1992.

Decided Sept. 23, 1992.

Neal Brickman, New York City for plaintiff-appellant.

Ronald S. Herzog, Jackson & Nash, New York City, for defendants-appellees.

Before: OAKES, WALKER, Circuit Judges, and LEVAL, District Judge *.

---

* Judge Pierre N. Leval, United States District Judge for the Southern District of New York, sitting by designation.

WALKER, Circuit Judge:

Victoria A. Stewart appeals from a December 3, 1991 Judgment of the United States District Court for the Southern District of New York (Charles S. Haight, *Judge*) dismissing Stewart's complaint pursuant to Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. 778 F.Supp. 790. We agree that Stewart fails to state a claim for negligent representation, but hold that she does state a claim for fraudulent inducement. We accordingly affirm in part, and reverse and remand in part.

## BACKGROUND

Plaintiff Victoria A. Stewart alleges the following facts which, for purposes of this appeal from a Rule 12(b)(6) dismissal, we take to be true. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). Stewart, who currently resides in California, is an attorney admitted to practice law in the State of New York. Prior to October 1988, she was employed in the environmental law department of the New York law firm of Phillips, Nizer, Benjamin, Krim & Ballon. Ronald Herzog, a partner in the firm of Jackson & Nash, defendants-appellees in this action, contacted Stewart while at Phillips, Nizer regarding the possibility of employment with his firm. Herzog allegedly "represented to Stewart that Jackson had recently secured a large environmental law client, that Jackson was in the process of establishing an environmental law department, and that Stewart would head the environmental law department, and be expected to service the firm's substantial existing environmental law client." Stewart asserts that, in reliance on these representations, she resigned her position with Phillips, Nizer in October 1988 and the following month began work at Jackson & Nash.

Upon her arrival, Stewart alleges that Jackson & Nash put her to work primarily on general litigation matters. When she inquired about the promised environmental work, Herzog repeatedly assured her that it would be forthcoming and "also consistently advised [her] that she would be promoted to a position as head of Jackson's environmental law department." The major environmental law client and substantial environmental case work, however, never materialized. Finally, in May 1990, a Jackson & Nash partner allegedly informed Stewart that "Jackson had never 'really' had this 'type' of work, nor had [it], in fact, secured an environmental law client." Jackson & Nash dismissed Stewart on December 31, 1990. Jackson & Nash, in its affidavit in support of the motion to dismiss, asserts that it engaged in a year-long effort to acquire environmental work but concedes that it failed to achieve this end.

Count I of Stewart's complaint, filed April 11, 1991, alleges that Jackson & Nash fraudulently induced her to enter into and remain in its employ. Stewart asserts that she took the position with the firm in reliance on its knowing misrepresentations, as outlined above. She claims that her "career objective—continuing to specialize in environmental law—was thwarted and grossly undermined during her employment with Jackson," and that she suffered "loss of professional opportunity, loss of professional reputation" and damage to her "career growth and potential." Count II alleges negligent misrepresentation. Stewart requests compensatory and punitive damages.

The district court, in an opinion entered November 27, 1991, granted defendants' Fed.R.Civ.Pro. 12(b)(6) motion and dismissed Stewart's complaint for failure to state a claim upon which relief can be granted. On December 2, 1991, the court entered judgment. Stewart appeals.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), "all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). The motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). While we agree with the district court's dismissal of the negli-

gent misrepresentation claim alleged in Count II, we conclude that the Count I fraud claim survives the motion to dismiss.

## I. *The Fraud Claim.*

█ The district court found that Stewart's fraud claim arose from her termination from the firm and dismissed Count I on the authority of *Murphy v. American Home Prod. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983). *Murphy* held that because at-will employees "may be freely terminated ... at any time for any reason or even for no reason," they can neither challenge their termination in a contract action nor "bootstrap" themselves around this bar by alleging that the firing was in some way tortious. *Id.* at 300, 304, 461 N.Y.S.2d at 235, 237, 448 N.E.2d at 89, 91. Following *Murphy*, the court concluded that Stewart, an at-will employee, could not state a fraud claim based on facts arising out of her termination.

We find *Murphy* distinguishable. In *Murphy*, the plaintiff, an at-will employee of the defendant, claimed that he had been fired in a tortious manner. He alleged that his firing " 'was deliberately and viciously insulting, was designed to and did embarrass and humiliate plaintiff and was intended to and did cause plaintiff severe mental and emotional distress thereby damaging plaintiff.' " *Id.* 58 N.Y.2d at 298, 461 N.Y.S.2d at 234, 448 N.E.2d at 88 (quoting from complaint). These tort allegations, springing as they do directly from the termination itself, are a transparent attempt to restate the forbidden contractual challenge in the guise of tort.

Stewart's alleged injuries, on the other hand, commenced well before her termination and were, in several important respects, unrelated to it. According to the complaint, Jackson & Nash's misrepresentations caused Stewart, a budding environmental lawyer, to leave a firm with an environmental practice and spend two years at one in which she was largely unable to work in her chosen specialty. The resulting damage to her career development was independent of her later termination from Jackson & Nash and began

while she was still at the firm. As stated in her complaint, Stewart's "career objective—continuing to specialize in environmental law—was thwarted and grossly undermined *during* her employment with Jackson." (Emphasis added). Although *Murphy* precludes an award of damages for injuries caused by her termination, it does not prevent her from recovering for injuries that resulted from her reliance on the defendants' false statements. *Calloway v. Munzer*, 57 Misc.2d 163, 291 N.Y.S.2d 589 (Sup.Ct.1968).

Appellees Jackson & Nash urge a second ground for dismissal of Count I. They contend that Stewart's alleged injuries, both pre-termination and termination-related, result in substance from broken contractual promises regarding the terms and conditions of her employment. Such broken promises, they contend, cannot support a fraud claim because "[t]he fraudulent breach of a contract does not give rise to an action for fraud. Thus, where the only fraud charged relates to a breach of the contract and not to its inducement or making, no action for fraud is alleged." 60 N.Y.Jur.2d *Fraud and Deceit* § 19 at 455–56 (1987); *see also Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1st Dept.1987); *Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd.*, 108 A.D.2d 607, 484 N.Y.S.2d 834 (1st Dept. 1985) (mem.); *Chase v. United Hospital*, 60 A.D.2d 558, 400 N.Y.S.2d 343, 344 (App. Div.1977); *Miller v. Volk & Huxley, Inc.*, 44 A.D.2d 810, 355 N.Y.S.2d 605, 606–607 (1st Dept.1974) (per curiam). Appellees' argument boils down to an assertion that Stewart's claim is nothing more than a contract action which, since it is based on an oral agreement, is not enforceable under New York's Statute of Frauds. *See* N.Y.Gen.Obligations L. § 5–701 (McKinney 1989).

Stewart contends that the firm's misrepresentations are actionable under a theory of fraud in the inducement. She correctly points out that under New York law "[i]t is elementary that where a contract or transaction was induced by false representations, the representations and the contract are distinct and separable.... Thus, fraud

in the inducement of a written contract is not merged therein so as to preclude an action for fraud." 60 N.Y.Jur.2d *Fraud and Deceit* § 206 at 740 (1987) (citing cases).

Stewart alleges four misrepresentations: (1) "Jackson had recently secured a large environmental law client"; (2) "Jackson was in the process of establishing an environmental law department"; (3) "Stewart would head the environmental law department"; and (4) "[Stewart would] be expected to service the firm's substantial existing environmental law client."

As to representations (1) and (2), we find dispositive the New York Court of Appeals' distinction between a prospective business partner's "promissory statement[s] as to what will be done in the future," which give rise only to a breach of contract claim, and his or her false " 'representation[s] of present fact,' " which give rise to a separable claim of fraudulent inducement. *Deerfield Commun. v. Chesebrough–Pond's,* 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 89, 502 N.E.2d 1003, 1004 (1986) (citations omitted) (quoting *Citibank v. Plapinger,* 66 N.Y.2d 90, 495 N.Y.S.2d 309, 485 N.E.2d 974 (1985)). In the case of *Coolite Corp. v. American Cyanamid Co.,* 52 A.D.2d 486, 384 N.Y.S.2d 808 (1st Dep't 1976), for example, defendant Cyanamid, a manufacturer of light sticks, represented to Coolite that it had fully tested its product and had developed a means of correcting the product's defects. Coolite, allegedly in reliance on these statements, contracted to become the exclusive distributor of the light sticks. Coolite later found the product not to be of merchantable quality and sued for fraudulent misrepresentation. The Appellate Division let the fraud claim stand on the grounds that "Cyanamid's representations ... were representations of fact and not merely promises of future action." 52 A.D.2d at 488, 384 N.Y.S.2d at 810.

In this case Jackson & Nash's declarations that it "had recently secured a large environmental law client" and "was in the process of establishing an environmental law department" were not future promises but representations of present fact. Under

*Coolite,* these representations support a claim for fraudulent inducement which is distinct and separable from any contract action. *Id.* at 488, 384 N.Y.S.2d at 810; *Triangle Underwriters, Inc. v. Honeywell, Inc.,* 604 F.2d 737, 747 (2d Cir.1979).

In paragraphs thirty-six and thirty-seven of her complaint Stewart amplifies her allegations regarding representation (3). She asserts that Jackson & Nash informed her that she "would be promoted to a position as head of Jackson's environmental law department ... [although], upon information and belief, *at the time Jackson made the aforesaid representations to Stewart, it knew that it did not intend to make her the head of its environmental law department.*" (Emphasis added). While representation (3) appears, initially, to be a future promise (Stewart *would* be made head of the department), the New York Court of Appeals has explained that

> [w]hile [m]ere promissory statements as to what will be done in the future are not actionable, ... it is settled that, *if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of material existing fact* upon which an action for recision [based on fraudulent inducement] may be predicated.

*Sabo v. Delman,* 3 N.Y.2d 155, 160, 164 N.Y.S.2d 714, 716, 143 N.E.2d 906, 908 (1957) (emphasis added). Stewart's assertion that Jackson & Nash, at the time it made the promise, "knew that it did not intend" to fulfill it, makes representation (3) an allegation of present fact which gives rise to a claim of fraudulent inducement. *See Deerfield,* 68 N.Y.2d at 956, 510 N.Y.S.2d at 89, 502 N.E.2d at 1004 (plaintiff alleges present fact where it claims that defendant made a promise with the undisclosed present intention of not performing it); *Lanzi v. Brooks,* 43 N.Y.2d 778, 402 N.Y.S.2d 384, 373 N.E.2d 278 (1977) (mem.); *Sanyo Elec., Inc. v. Pinros & Gar Corp.,* 174 A.D.2d 452, 453, 571 N.Y.S.2d 237, 238 (1st Dep't 1991); *Affiliated Credit Adjustors, Inc. v. Carlucci & Legum,* 139 A.D.2d 611, 613, 527 N.Y.S.2d 426, 428 (2nd Dep't 1988). *But see Grant*

**90**

*v. DCA Food Industries, Inc.*, 124 A.D.2d 909, 910, 508 N.Y.S.2d 327, 328 (3rd Dep't 1986), *appeal denied* 69 N.Y.2d 612, 517 N.Y.S.2d 1028, 511 N.E.2d 87 (1987).

To the extent that representation (4)'s pledge that Stewart would "be expected to service the firm's substantial existing environmental law client" goes beyond representation (1)'s statement of the existence of an environmental law client, it is a future promise and would not be actionable.

In sum, we hold that representation (1) is a representation of present fact and that (2), and (3) included both elements of present fact and future promise. To the extent the representations were of present fact, they are actionable under a theory of fraudulent inducement. *See Deerfield*, 68 N.Y.2d at 956, 510 N.Y.S.2d at 89, 502 N.E.2d at 1004.

## II. *The Negligent Misrepresentation Claim.*

The district court dismissed Count II's negligent misrepresentation claim. It correctly observed that, under New York law, a plaintiff may recover for negligent misrepresentation only where the defendant owes her a fiduciary duty. *See White v. Guarente*, 43 N.Y.2d 356, 362–63, 401 N.Y.S.2d 474, 478, 372 N.E.2d 315, 319 (2nd Dept.1977). The complaint asserts no facts that would establish such a fiduciary duty, either before or after she became an employee at Jackson & Nash. *See Serow v. Xerox Corp.*, 166 A.D.2d 917, 918, 560 N.Y.S.2d 575, 576 (4th Dept.1990). Accordingly, we affirm the district court's dismissal of the claims of negligent misrepresentation.

## CONCLUSION

We hold that Count I of Stewart's complaint, alleging fraudulent inducement, survives Jackson & Nash's motion to dismiss. The district court, however, properly dismissed the negligent misrepresentation claim alleged in Count II. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.