VICON FIBER OPTICS
CORP., Plaintiff,

v.

Leonard SCRIVO, Michael Scrivo, Les
Wasser and Sheft Kahn & Co.,
LLP, Defendants.

No. 01 CIV. 11862(CM).

United States District Court,
S.D. New York.

April 15, 2002.

Robert L. Kipnees, Greenbqaum, Rowe, Smith, Ravin, Davis & Himmel, Woodbridge, NJ, for Vicon Fiber Optics Corp., plaintiff.

Jeremy D. Platek, O'Connor & O'Connor, L.L.P., White Plains, NY, for Michael Scrivo, defendant.

Patrick T. Burke, Burke, McGlinn & Miele, Suffern, NY, for Les Wasser, defendant.

John H. Eickemeyer, Vedder, Price, Kaufman, Kammholz & Day, New York City, for Sheet Kaun & Company LLP, defendant.

John H. Eickemeyer, Vedder, Price, Kaufman, Kammholz & Day, New York City, for Sheet Kahn & Company LLP, cross–claimant.

Jeremy D. Platek, O'Connor & O'Connor, L.L.P., White Plains, NY, for Michael Scrivo, cross–defendant.

Patrick T. Burke, Burke, McGlinn & Miele, Suffern, NY, for Les Wasser.

John H. Eickemeyer, Vedder, Price, Kaufman, Kammholz & Day, New York City, for Sheft Kahn & Company LLP, counter–claimant.

Robert L. Kipnees, Greenbqaum, Rowe, Smith, Ravin, Davis & Himmel, Woodbridge, NJ, for Vicon Fiber Optics Corp., counter–defendant.

## MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT

MCMAHON, District Judge.

Once again pending before this Court is a case in which an angry plaintiff tries to transform garden variety claims of fraud and breach of fiduciary duty into a RICO action. Two of the three defendants on the RICO claims, Messers. Leonard and Michael Scrivo, have moved to dismiss that claim—the sole source of Federal jurisdiction—and I grant their meritorious motion. Because the RICO claims are no more viable against the non-moving defendant Len Wasser, I dismiss them against him sua sponte. I decline to take jurisdiction over the numerous State law claims pled against all four defendants. If plaintiff wishes to pursue its claims, it can do so in the New York State Supreme Court.

Plaintiff filed the instant complaint on December 28, 2001. It alleges, in substance, that the Messers Scrivo and Mr. Wasser—all of whom were employees, and some of whom at various times were

shareholders, officers or directors, of Plaintiff—submitted and received reimbursement for "false, fictitious and fraudulent travel and entertainment expenses" beginning in January 1994 and continuing until October 2000. In addition to asserting state law claims of Breach of Fiduciary Duty of Loyalty, Breach of Fiduciary Duty of Care, Conversion, Constructive Trust, Accounting, Unjust Enrichment, Common Law Fraud, and Accountant's Malpractice (the only claim against defendant Sheft Kahn & Company), Plaintiff alleges that the conduct of the three individual Defendants violated the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO), 18 U.S.C. §§ 1962(c) and 1962(d).

In pleading its claims of RICO and conspiracy to violate RICO, plaintiff Vicon identifies itself as the "enterprise" that was operated through a pattern of racketeering activity. Vicon identifies a total of five predicate acts of racketeering activity, which is a sine qua non of a RICO violation. Two are acts of mail fraud, occurring on May 15, 1996 and May 6, 1998. In each instance, Defendants Leonard Scrivo and Les Wasser are alleged to have mailed or caused to be mailed a proxy solicitation to Vicon's shareholders that failed to disclose the three Defendants were receiving these false, fraudulent and fictitious travel and entertainment expenses. The other three alleged predicate acts are wire fraud, occurring on April 10, May 24 and August 21, 2000. Vicon alleges that, on those dates, the three individual Defendants "transmitted or caused to be transmitted by means of interstate commerce . . . . . to the SEC in Washington D.C. a form 10QSB" that, like the earlier proxy solicitations, failed to disclose their receipt of

these inflated expenses. (Complaint ¶ 13 a-e).

## DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff's first claim alleges that defendants violated § 1962(c) of RICO, which prohibits conducting the affairs of an enterprise through a pattern of racketeering activity.[1] The complaint is fatally deficient in the following ways:

▬▬ (1) A RICO complaint must allege both that defendants' alleged RICO violation was the "but for" cause or cause-in-fact of plaintiff's injury and that the violation was the legal proximate cause.

---

1. 18 U.S.C. § 1962(c) provides:
 It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such *enterprise's* affairs through a pattern of racketeering activity or collection of unlawful debt.

*Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 112 S.Ct. 1311, 1316–18, 117 L.Ed.2d 532 (1992); *Standardbred Owners Assn. v. Roosevelt Raceway Assocs.,* 985 F.2d 102, 104 (2d Cir.1993); *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990). Failure to allege that the specifically identified RICO predicate acts proximately caused plaintiff's injury is ground for dismissal at the pleading stage. *First Nationwide Bank v. Gelt Funding,* 27 F.3d 763, 769 (2d Cir. 1994).

 Here, the injury allegedly suffered by Vicon is the pilfering of its corporate fisc by three supposedly faithless officers, directors and employees. In other words, Plaintiff contends that money was wrongfully taken from the corporate treasury. This purported pilferage was not accomplished by either the proxy solicitations or by the filing of 10 Qs with the SEC—or, put otherwise, the mail and wire frauds identified as the predicate acts for RICO purposes were not the proximate cause of Vicon's alleged injury. Indeed, as a matter of logic, the three wire transmissions (April, May and August 2000) could not possibly have been the proximate cause of Vicon's alleged injury, because all of the financial shenanigans of which Plaintiff complains took place prior to the filing of any of the three Form 10 Qs as alleged in the complaint. Reliance on the allegedly fraudulent representation as the cause of the injury is the *sine qua non* of a predicate act of wire fraud, *Metromedia v. Fugazy,* 983 F.2d 350, 368 (2d Cir.1992), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993), and it is logically impossible that Vicon (or its shareholders) could have relied on wire transmissions to the SEC that post-dated the last act of corporate pilferage. Since Michael Scrivo is alleged to have participated in the RICO conspiracy only by causing the transmission of the 10 Qs (Complaint ¶ 13(c), (d), (e)), the First Cause of Action must be dismissed as to him.

 As for the two earlier predicate acts—the mailing of the allegedly fraudulent proxy solicitations in 1996 and 1998, which were allegedly accomplished by Leonard Scrivo and Les Wasser—they were not the cause of Vicon's alleged injury, either. A predicate act does not proximately cause an injury if it merely furthers, facilitates, permits or conceals an injury that happened or could have happened independently of the act. *Moeller v. Zaccaria,* 831 F.Supp. 1046, 1054 (S.D.N.Y.1993). Here, the crux of Vicon's claim is that it was defrauded by Defendants' submission of and reimbursement for false and fraudulent travel and entertainment expense. In other words, its treasury was looted. The submission of false expense vouchers is the proximate cause of Plaintiff's alleged · injury; had they not been submitted there would have been no injury. Thus, the injury here happened, or could have happened, even if no proxy solicitations were ever mailed.

Plaintiff, in a desperate attempt to remain in Federal Court, argues that if its shareholders had known the truth, they would not have elected the Scrivos and Wasser to Vicon's Board, and the pilfering would have ceased. This sort of bootstrap argument has been rejected by the Court of Appeals. *See Sperber v. Boesky,* 849 F.2d 60, 64 (2d Cir.1988) (finding that attenuating causation to such a secondary level is insufficient). The mailing of the proxy containing (in this case) the material omission did not directly deprive the Plaintiff of its money. No one at the corporation is alleged to have relied on the proxy solicitations in deciding whether to cut the checks for the allegedly fraudulent expense reimbursement.

Plaintiff proffers this same argument to support its claim that reliance was adequately pled, at least as to the predicate acts of mail fraud.[2] But the argument works no better in this context. The but-for causation here was Defendants' submission of the allegedly fraudulent expense vouchers, not their election to the Board. There is neither any allegation nor any logical reason why Board membership was a prerequisite to Defendants' submitting fictitious expense vouchers. Throughout the relevant period, all three Defendants were Vicon employees; they were quite capable of submitting expense vouchers wearing that hat. Indeed, for over half the six year period that Defendants were allegedly inflating their expense accounts, Michael Scrivo was not a member of Vicon's Board, and for the last two years, Les Wasser was not on the Board. So there is no necessary or sufficient nexus between the frauds committed and election to membership on the Board.

(2) The two potentially viable predicate acts—the 1996 and 1998 proxy solicitations—do not constitute a "pattern" of racketeering activity. To establish a pattern of racketeering activity, a plaintiff must plead facts tending to show that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). Here, two isolated acts of proxy solicitation are pleaded. The question is whether those two acts, the latest of which took place almost four years ago, satisfy the requirement of "continuity," either open-ended or closed-ended, and whether they were isolated or sporadic. The answer is no.

■ To plead a pattern of racketeering activity adequately, a plaintiff must allege (1) at least two predicate acts of racketeering occurring within a ten-year period; (2) that the predicate acts are related to each other; and (3) that the predicate acts amount to or post a threat to continuing criminal activity. *Oak Beverages, Inc., v. Tomra of Massachusetts*, 96 F.Supp.2d 336, 347 (S.D.N.Y.2000). In terms of the third element, a plaintiff may satisfy the continuity requirement by alleging either a closed-ended pattern—that is, past criminal conduct extending over a substantial period of time—or open-ended continuity—past criminal conduct coupled with a threat of future criminal conduct. In this case, Plaintiff has done neither.

Closed–ended continuity is demonstrated by predicate acts that "amount to continued criminal activity" by a particular defendant. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). This definition is satisfied by pleading "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.*, at 242, 109 S.Ct. 2893.[3]

---

**2.** For the reason stated above, reliance on the purported wire frauds—all of which took place after the last act of corporate pilferage—is a logical impossibility.

**3.** Assuming arguendo that the three acts of wire fraud could qualify as predicate acts—which they cannot, since they occurred after all the alleged losses were suffered—the complaint would nonetheless have to be dismissed as against Michael Scrivo because the three wire transmissions (the only predicate acts in which he allegedly participated) took place over a period of four months. That period is far too short to constitute a "substantial period of time" for purposes of closed–end continuity. *Oak Beverages, Inc. v. Tomra of Massachusetts*, 96 F.Supp.2d 336, 347 (S.D.N.Y. 2000)

■ The Second Circuit has never held a period of less than two years to constitute a "substantial period of time" for purposes of closed-ended continuity. *Oak Beverage, supra.,* citing *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,* 187 F.3d 229, 242 (2d Cir.1999). In this case, the two allegedly fraudulent proxy solicitations were sent less than two years apart (although it was very close to two years apart). Moreover, none of the other indicia of closed-ended continuity—a large number of predicate acts, a large number of either participants or victims, and the presence of separate schemes, see *Cofacredit, id.*—is pleaded in this case. What is pleaded is a grand total of two predicate acts—the bare minimum under the statute—of the same sort (mail fraud), committed by two participants (Leonard Scrivo and Wasser) against a single victim (Vicon) in furtherance of a single fraudulent scheme (to hide their corporate pilferage). In this Court's opinion, this does not add up to closed-ended continuity. *See Schnell v. Conseco, Inc.,* 43 F.Supp.2d 438 (S.D.N.Y.1999) (allegations of predicate acts over period of 23 months, consisting entirely of mail and wire fraud and directed toward a single goal not sufficient for closed-ended continuity). The fact that the pilferage—the real wrongful activity, if it occurred—took place over a period of approximately six years is irrelevant. RICO continuity is measured by RICO predicate acts, not by actions that, while wrongful, are not statutory predicates for a RICO violation.

The complaint is equally deficient when viewed from the perspective of open-ended continuity. The complaint specifically alleges that the corporate pilferage stopped in March 2000 and does not allege any facts from which one could fairly infer any threat of ongoing criminal conduct. Indeed, the complaint affirmatively alleges that Leonard and Michael Scrivo are no longer affiliated with Vicon (Complaint ¶¶ 2, 3), so they are in no position to commit further acts against the plaintiff corporation. The complaint also alleges that, when Leonard Scrivo resigned, Vicon's Board uncovered the scheme and put a stop to it. (Complaint ¶ 15)

(3) Plaintiff fails to allege that any of the three individual Defendants invested racketeering income in any enterprise. But "under the plain terms of the statute, to state a claim under Section 1964(c) for a violation of Section 1962(a), a plaintiff must allege injury 'by reason of' defendant's investment of racketeering income in an enterprise." *Ouaknine v. MacFarlane,* 897 F.2d 75, 82–83 (2d Cir.1990). The absence of any such allegation is fatal to the Section 1964(c) claim.

Plaintiff's second claim is for RICO conspiracy, in violation of 18 U.S.C. § 1962(d). This claim fails because the underlying substantive RICO cause of action has been dismissed. *Discon, Inc. v. NYNEX Corp.,* 93 F.3d 1055, 1062–63 (2d Cir.1996), *vacated on other grounds, NYNEX Corp. v. Discon, Inc.,* 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998); *Katzman v. Victoria's Secret Catalogue,* 167 F.R.D. 649, 658 (S.D.N.Y.1996); *McCormack Int'l Corp. v. Vohra,* 858 F.Supp. 415 (S.D.N.Y.1994).

The motions by defendants Leonard and Michael Scrivo to dismiss Counts 1 and 2 as to them are, therefore, granted.

The Court has no record of any similar motion by defendant Les Wasser. However, the first two causes of action are no less deficient as against Wasser as they are against the Scrivos. Therefore, the Court dismisses those claims as against Wasser sua sponte.

This leaves the real complaint. It consists entirely of state law causes of action. There is no diversity of citizenship. This

Court has no intention of exercising supplemental jurisdiction over those claims.

Counts 1 and 2 are dismissed as against all Defendants with prejudice. The remaining counts are dismissed for lack of subject matter jurisdiction and without prejudice; they may be brought in the New York State Supreme Court.