**Robert SEGAL, Plaintiff,**

v.

**Ellen CROTTY, Commissioner, State of New York Department of Environmental Conservation, Michael A. Bello, and John Does 1 through 5, Defendants.**

No. 04 CIV.1858(CM)(GAY).

United States District Court, S.D. New York.

Jan. 11, 2005.

George J. Cotz, Esq., Counsel for Plaintiff.

Kevin McCaffrey, Assistant Attorney General, Counsel for Defendant Bello.

## MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT

McMAHON, District Judge.

### Relevant Facts

In this case where plaintiff seeks relief for false arrest and malicious prosecution, allegedly in violation of 42 U.S.C. § 1983 and State law, the following facts are undisputed: [1]

---

1. Defendant Michael Bello originally filed a motion to dismiss the instant complaint. Plaintiff, by counsel, opposed the motion. Bello then applied for permission to convert his motion to a motion for summary judgment on the ground of qualified immunity. The Court granted his request, ordered that plaintiff's deposition be taken and set a new briefing schedule. Defendant filed him amended motion on November 4, 2004. It was accompanied by a Rule 56.1 Statement of Undisputed Issues of Material Fact. Plaintiff has yet to respond to the motion and has never filed a counter-statement of facts or disputed any of Bello's allegations of undisputed material fact. Accordingly, the court adopts as undisputed the facts set forth in Bello's Rule 56.1 Statement. *See* Local Civil Rule 56.1(c) (stating that material facts will be deemed to be admitted unless controverted); *Gubitosi v. Kapica,* 154 F.3d 30, 31 n. 1 (2d Cir.1998); *Hill v. Citibank Corp.,* 312 F.Supp.2d 464, 468, n. 1 (S.D.N.Y.2004). It bears repeating that plaintiff is represented by counsel in this case, so there is no excuse for his failure to follow the Court's rules.

Robert Segal owns a home with a swimming pool in Rockland County. The pool is surrounded by a brick patio. Plaintiff maintains the pool himself, using a chlorine pool treatment compound sold under the brand name HTH. Plaintiff typically purchased 50 pound containers of HTH in granular form. Plaintiff also used the HTH to treat his patio.

HTH contains calcium hypochlorite, which is defined as a hazardous substance, and any release of 10 pounds or more must be reported to the New York State Department of Environmental Conservation. 6 NYCRR § 597.2, chemical abstract service number: 7778-54-3.

On May 26, 2003, between 5:30 and 6:30 PM, plaintiff spread about 25 pounds of granular HTH on his patio.[2] Later that evening, his neighbors called 911 to report a strong odor of chlorine. Two Ramapo police officers dispatched to the scene also noticed this strong odor. One of the police officers, Sgt. Reilly, and a member of the Tallman Fire Department followed the chemical smell to plaintiff's home, where they found a large amount of what appeared to be granular chlorine spread all over plaintiff's rear patio and walkway. Plaintiff was on his deck at the time. He told Sgt. Reilly that he put the chlorine down to clean the bricks.

Chief Miraglio of the Tallman Fire Department contacted the Rockland County HazMat team for guidance on how to handle the chlorine. Plaintiff started to hose down his patio, and refused direct police orders to stop until Officer Joyce advised Segal that he was obstructing governmental administration.

Joel Kanasky of Rockland County HazMat is certified by the State of New York as a HazMat specialist. As part of his certification he is trained to identify and abate hazardous materials. Kanasky ar-

rived on the scene and saw the large quantity of granular chlorine on the patio. He knew that the chlorine contained the hazardous substance calcium hypochlorite, and that calcium hypochlorite is only intended for use in water. Kanasky was concerned that the chlorine would create run off, so he contacted the New York State Department of Health and sought assistance from the Department of Environmental Conservation ("DEC"). Kanasky contacted a state chemist through DEC. He was given a state spill number and advised to have the fire department try to wash the chlorine into Segal's pool with high powered hoses. Plaintiff, who was uncooperative throughout, refused to permit the firemen to come onto his property to follow that advice.

And so we come to the arrival of defendant Michael Bello, an enforcement officer with the DEC. Bello, like everyone else, noticed the strong odor and saw the large quantities of granular pool chlorine on the patio. Kanasky told Bello that he thought the presence of a quantity of calcium hypochlorite on the patio created a hazardous condition. The local police and fire officers told Bello that Segal had admitted to spreading the chlorine on the patio.

On the basis of his observations and the information provided to him by Kanasky and the other law enforcement officers, Bello concluded that there was probable cause to arrest plaintiff for endangering public health, safety or the environment in the fourth degree, a Class A misdemeanor in violation of Section 71–2711 of the Environmental Conservation Law of the State of the New York. A person is guilty of a violation of this section when:

1. With criminal negligence, he engages in conduct which causes the release of a substance acutely hazardous

---

2. Plaintiff admitted to this amount at his deposition. Segal EBT at 27.

to public health, safety or the environment; or

.  .  .  .  .

3. He knowingly or recklessly engages in conduct which causes the release of a substance hazardous to public health, safety or the environment.

Plaintiff was taken into custody by members of the Town of Ramapo Police Department. He was processed and issued a desk appearance ticket. The ticket was ultimately dismissed pursuant to CPL § 240.80.[3]

Plaintiff thereafter sued Bello under 42 U.S.C. § 1983 for false arrest and malicious prosecution in violation of his Fourth and Fourteenth Amendment rights. He also brought pendent claims against Bello under state common law. He sued the Commissioner of DEC on a theory of negligent failure to train or supervise Bello.

**The Instant Motion**

Defendant Bello moves for dismissal or summary judgment on the ground that plaintiff has failed to state a claim on which relief can be granted. In the alternative, he seeks summary judgment on the ground of qualified immunity.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A § 1983 claim for false arrest, like a common law claims for false arrest, derives from the Fourth Amendment's proscription against unreasonable searches and seizures. Arrest qualifies as an unreasonable seizure only if it is made without probable cause. *Landy v. Irizarry*, 884 F.Supp. 788, 795 (S.D.N.Y.1995).

A claim for malicious prosecution requires plaintiff to prove that criminal proceedings initiated or continued by the defendant without probable cause terminated in his favor. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995); *Colon v. City of New York*, 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1248, (1983).

It follows that, where probable cause to arrest and charge exists, there is no tenable claim for either false arrest or malicious prosecution, under Federal or State law. *Singer v. Fulton*, 63 F.3d 110, 118 (2d Cir.1995); *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997).

**Plaintiff Has Not Pleaded Lack of Probable Cause and on the Undisputed Facts, Bello Had Probable Cause**

An officer has probable cause to arrest when he has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been commit-

---

**3.** This allegation comes from the amended complaint. It is confusing to the court, since CPL § 240.80 concerns the scheduling of discovery. The State does not contest, however, that the charge was ultimately dismissed.

ted by the person to be arrested." *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir.1993); *Weyant v. Okst*, 101 F.3d 845, 851 (2d cir.1996).

Plaintiff alleges in his complaint that he was applying a substance containing calcium hypochlorite to the patio surrounding the pool. Calcium hypochlorite is a hazardous substance. At the time he made the arrest, Bello could see the substance on the ground and smell the extremely strong odor it created. He was advised by a representative of Rockland County Haz-Mat, Kanasky, that the substance was creating a hazard. Plaintiff himself pleads (Am Cplt ¶ 5) that Bello believed that chlorine gas was being emitted in dangerous amounts and seeping into ground water, possibly harming fish and wildlife. Moreover, Bello knew that plaintiff had stubbornly refused to permit the Tallman Fire Department to try to abate the condition. *Id.*

■ The information available to Bello was sufficient to warrant a reasonable officer's conclusion that plaintiff had created a hazardous condition. Plaintiff's refusal to permit law enforcement officers to try to abate the condition in accordance with the instruction of a state chemist was a more than sufficient indication that plaintiff possessed the requisite state of mind to be found guilty of violating ECL § 71–2711(1) or (3). Accordingly, in light of the totality of the circumstances confronting him, Bello had probable cause to arrest and charge plaintiff.

Plaintiff's only response to this argument is that Bello arrested him without "demonstrat[ing] proof of chlorine gas emissions into the atmosphere or groundwater at dangerous levels." (Am Cplt at ¶ 7). But that is of no moment. Bello was not required to "explore and eliminate every potentially plausible claim of innocence as part of" his pre-arrest investigation.

*Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 128 (2d Cir.1997).

Because Bello had probable cause to arrest plaintiff, there was no Federal constitutional violation; there was no common law tort. ˙No reasonable trier of fact could conclude otherwise. Thus, the federal and state law claims against him for false arrest and malicious prosecution must be dismissed with prejudice.

### In the Alternative, Bello is Entitled to Qualified Immunity

■■ Even if it were ultimately determined that probable cause was lacking, an arresting officer is entitled to immunity from suit if he can establish that there was "arguable probable cause" to make the arrest. *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004); *Caldarola v. Calabrese*, 298 F.3d 156, 166 (2d Cir.2002). At a minimum, on the pleaded and admitted facts, Bello had "arguable probable cause" to arrest plaintiff, because a similarly situated officer "*could* have reasonably believed that probable cause existed in light of well-established law." *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir.1997)(emphasis in original). An officer is immune to suit under § 1983 unless his judgment "was so flawed that no reasonable officer would have made a similar choice." *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir.1995). This forgiving standard protects all but the plainly incompetent or those who knowingly violate the law. *Provost v. City of Newburgh*, 262 F.3d 146, 160 (2d Cir.2001).

■ It was objectively reasonable for Bello to believe that Segal had violated the ECL in light of established law and the information he possessed. *Cerrone v. Brown*, 246 F.3d 194, 202 (2d Cir.2001); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). As a result, even if Segal's constitutional rights were violated, Bello would be enti-

tled to qualified immunity from suit on plaintiff's federal claims.[4]

### The Remaining Defendants

The other named defendant, Commissioner Crotty, apparently has not been served. In any event, the claim against her—negligent failure to train or supervise Bello—is brought solely under state law. Of course, the Eleventh Amendment bars any such claim against Crotty in her official capacity, and were she ever to be served, this court would decline to exercise supplemental jurisdiction over the purely pendent claim against her in her individual capacity. Thus it is appropriate to dismiss the complaint against her as well.

The caption lists John Doe defendants, none of whom has been identified or served. They are also defendants on the "negligent failure to supervise or train" claim, over which this court will not exercise jurisdiction.

Bello's motion for summary judgment is granted and the complaint as against him is dismissed with prejudice and with costs to defendant Bello. The complaint is dismissed with prejudice as against Crotty to the extent she is sued for damages in her official capacity, and is otherwise dismissed without prejudice.

The Clerk of the Court is directed to close the file.

---

4. Qualified immunity would not shield Bello from liability for the claims asserted against him under New York's common law. However, if this court were in error on the question of probable cause, and the federal claims against Bello were to be dismissed only on the basis of qualified immunity, I would decline to entertain the state law claims and would dismiss them without prejudice.