Gerald T. KOLASINSKI,
Plaintiff–Appellant,

v.

CIGNA HEALTHPLAN OF CT,
INC., Defendant–Appellee.

No. 98–7333.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1998.

Decided Dec. 23, 1998.

William R. Moller, Moller, DiPentima, Peck and O'Brien, L.L.C. (Michael Ruben Peck, on the brief), Hartford, CT, for Plaintiff–Appellant.

Jean E. Tomasco, Robinson & Cole, LLP (Theodore J. Tucci, Linda L. Morkan, on the brief), Hartford, CT, for Defendant–Appellee.

Before: MESKILL and CALABRESI, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

The estate of Gerald T. Kolasinski appeals from a decision of the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*), affirming Magistrate Judge William I. Garfinkel's grant of defendant's motion to dismiss.

Plaintiff originally filed this complaint in Connecticut state court seeking damages from Cigna Healthplan of Connecticut ("Cigna"), alleging a number of state law claims, including breach of contract and unfair trade practices, arising out of the failure of Cigna to compensate Kolasinski for medical treat-

* The Honorable Milton Pollack, Judge of the United States District Court for the Southern District of New York, sitting by designation.

ment that he received. Cigna was the health plan provider to the plaintiff, through his employer, United Technologies Corporation. Under the plan, Cigna agreed that it would cover the plaintiff's medically necessary services.

After Cigna removed the action to federal court, the magistrate judge granted the defendant's Rule 12(b)(6) motion to dismiss the complaint, finding that the federal Employee Retirement Income Security Act ("ERISA") preempted all the state law claims. *See Magistrate's Recommended Ruling, Estate of Gerald T. Kolasinski v. Cigna Healthplan of CT, Inc.,* No. 97 Civ. 129 (D.Ct. Feb. 5, 1998). The district court affirmed the magistrate's ruling. *See Estate of Gerald T. Kolasinski v. Cigna Healthplan of CT, Inc.,* No. 97 Civ. 129 (D.Ct. Mar. 5, 1998).

It is conceded that the health plan of which Kolasinski was a part was an "employee benefit plan" covered by ERISA.[1] It is also clear, as the Magistrate below found, that ERISA preempts any state law claims that the plaintiff may have because the state law claims directly "relate to" the plan, and Congress intended for ERISA to supercede all state laws that relate to employee benefit plans. *See* 29 U.S.C. § 1144(a) (1994) (establishing that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in ... this title"); *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) ("[T]he express pre-emption provisions of ERISA are deliberately expansive."); *Romney v. Lin,* 94 F.3d 74, 80–81 (2d Cir.1996), *reh'g denied,* 105 F.3d 806 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 189 (1997). Thus, dismissal of the plaintiff's complaint was appropriate for substantially the reasons stated in the magistrate's ruling. *See Magistrate's Recommended Ruling,* No. 97 Civ. 129 (D.Ct. Feb. 5, 1998).

---

**1.** *See* 29 U.S.C. § 1002(1)(A) (1994) (defining "employee welfare benefit plan" to include "any · plan ... established or maintained by an employer.. for the purpose of providing for its partici-

The judgment of the district court is affirmed.

pants or their beneficiaries ... medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment").