**Paul KOK, Plaintiff,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY and Plasmaco, Inc., Defendants.**

**No. 01 CIV. 3916(CM).**

United States District Court, S.D. New York.

July 27, 2001.

him at trial.

MEMORANDUM DECISION AND OR-
DER GRANTING DEFENDANT
PLASMACO'S MOTION TO DIS-
MISS AND DENYING PLAIN-
TIFF'S MOTION TO DISMISS

MCMAHON, District Judge.

Plaintiff Paul Kok brings an action for recovery of benefits and a statement of rights under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and for breach of contract, specific performance, and "malicious interference with contract" against defendants First UNUM Life Insurance Company ("UNUM") and Plasmaco, Inc. ("Plasmaco"). This case was filed in the Supreme Court of the State of New York, County of Westchester, and properly was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446 on the basis of federal question jurisdiction.

Defendant Plasmaco moves to dismiss the claims against it, and defendant UNUM counterclaims for the amount of benefits that plaintiff wrongfully received. Plaintiff moves to dismiss UNUM's counterclaim, or in the alternative, for a more definite statement of the Complaint.

## FACTUAL BACKGROUND

Plasmaco offered a Long Term Disability Plan to its employees, which was administered by UNUM. Plaintiff was a full time employee of Plasmaco from September 1996 through May 1998.

On or about August 3, 1997, while working for Plasmaco, plaintiff became disabled. UNUM paid. benefits to plaintiff for twenty-four months, after which time they were terminated.

Plaintiff claims that he is totally and permanently disabled, and unable to perform the duties of a gainful occupation. According to plaintiff, under the terms of Long Term Disability Plan Rules and Regulations, when an employee is unable to be employed after twenty-four months of payments, defendants are required to pay continued benefits. Plaintiff argues that defendants unilaterally, and without administrative hearing, refused to conclude that he was permanently and totally disabled, and therefore did not pay him

benefits to which he was entitled. He seeks recovery of those benefits.

Defendant Plasmaco moves to dismiss the claims against it on the grounds that a claim for benefits under ERISA must be brought against UNUM, because UNUM—not Plasmaco—was the administrator of the plan.

Plaintiff moves to dismiss UNUM's counterclaim for reimbursement of certain benefits on the grounds that such reimbursement is prohibited by the plain terms of the benefit plan.

For the reasons stated below, Plasmaco's motion to dismiss the claims against it is granted. Plaintiff's motions to dismiss the counterclaim, or for a more definitive statement, are denied.

## DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief can be granted. The standard of review on a motion to dismiss is heavily weighted in favor of the plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### 1. Defendant Plasmaco's Motion to Dismiss is Granted

■ In a recovery of benefits claim, only the plan and its administrators may be held liable. *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989). In this case, UNUM is the claim administrator and the only party obligated to pay any benefits.

■ Plaintiff concedes that Plasmaco is not a proper party defendant with respect to his cause of action for benefits under ERISA § 1132. He nevertheless attempts to keep Plasmaco in the suit by arguing that Plasmaco breached its contract with him, with malice, and that he should therefore be entitled to consequential and punitive damages. However, such claims are preempted by ERISA because they "relate to" the benefit plan at issue in this case. *See Saks v. Franklin Covey Co.*, 117 F.Supp.2d 318, 329–30 (S.D.N.Y.2000); *Devlin v. Transp. Comm. Int'l Union*, 173 F.3d 94, 101 (2d Cir.1999). ERISA is a comprehensive statute, designed by Congress to regulate all aspects of employee welfare benefit programs. *See Nealy v. U.S. Healthcare HMO*, 844 F.Supp. 966, 970 (S.D.N.Y.1994). It therefore preempts all state laws that "relate to" self-insured employee benefit plans, such as the one at issue in this case. *See* 29 U.S.C. § 1144(a).

■ The phrase "relate to" is given the broadest common sense meaning; that is, a state law relates to a benefit plan if it has a connection with or reference to such a plan. *See Nealy*, 844 F.Supp. at 971. Thus, ERISA preempts any state laws or causes of action that "provide[ ] alternative enforcement mechanisms" for rights secured by the federal statute. *Plumbing Indus. Bd. v. E.W. Howell Co.*, 126 F.3d 61, 67 (2d Cir.1997) (quoting *New York State Conf. of Blue Cross & Blue Shield*

*Plans v. Travelers Ins. Co.,* 514 U.S. 645, 658, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995)); *Lopresti v. Terwilliger,* 126 F.3d 34, 41 (2d Cir.1997) (holding that "alternative theor[ies] of recovery for conduct actionable under ERISA" are preempted by ERISA). It has long been held that a plaintiff has no claim for breach of contract for failing to award benefits, because such claims are squarely preempted by ERISA. *See Devlin,* 173 F.3d at 101; *Kolasinski v. Cigna Healthplan of Conn., Inc.,* 163 F.3d 148, 149 (2d Cir.1998).

Plaintiff's claims of breach of contract, "malicious interference with contract," and for specific performance, are all claims that stem from the denial of benefits under the Long Term Disability Plan. Such claims "relate to" the ERISA benefit plan at issue in this case, and are therefore preempted by the broad sweep of that statute. Because Plasmaco is not a proper party defendant with respect to plaintiff's ERISA claims, defendant Plasmaco's motion to dismiss the claims pending against it is granted.

### 2. Plaintiff's Motion to Dismiss Defendant Unum's Counterclaim is Denied

In its counterclaim, UNUM alleges that plaintiff has been eligible to receive, or has received, approximately $870 per month in retirement payments that are deductible sources of income under the terms of the policy. According to UNUM, those pension benefits should have been deducted from payments which UNUM made to the plaintiff.

Plaintiff responds that UNUM is prohibited by the terms of its policy from seeking reimbursement from a deductible source of income after such benefit has been awarded. Page LTD–BEN–9 of the UNUM Plan—referred to by both plaintiff and defendants as the relevant text—states in pertinent part:

WHAT IF UNUM DETERMINES YOU MAY QUALIFY FOR DEDUCTIBLE INCOME BENEFITS?

When we determine that you may qualify for benefits under Item(s) 1., 2., and 3. in the deductible sources of income section, we will estimate your entitlement to these benefits. We can reduce your payment by the estimated amounts if such benefits:

-have not been awarded; and

-have not been denied; or

-have been denied and the denial is not being appealed.

(Defs.' Ex. Attached to Reply Mem.)

■ The plain language of· the Long Term Disability Plan does not preclude UNUM from seeking reimbursement from a deductible source of income after a benefit wrongly was awarded. Rather, it speaks only to the circumstances in which the standard payment can be reduced. Plaintiff's motion to dismiss therefore will not be granted on this basis.

■ Plaintiff argues, in the alternative, that appropriate deductions already had been made prior to the payment of benefits. However, this is a question of fact to be addressed in an answer and tried, and is not the proper subject for a motion to dismiss under 12(b)(6).

For the foregoing reasons, plaintiff's motion to dismiss the counterclaim is denied.

### 3. Plaintiff's Motion for a More Definite Statement is Denied

■■ Plaintiff also moves for a more definite statement of UNUM's counterclaim under Fed.R.Civ.P. 12(e). "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant

seriously in attempting to answer it." *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 68 (S.D.N.Y.1999) (internal quotation omitted). The rule is designed "to strike at unintelligibility rather than want of detail and ... allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Vapac Music Publishing, Inc. v. Tuff 'N' Rumble Mgmt.*, No. Civ. A. 99–10656, 2000 WL 1006257 *6 (S.D.N.Y. July 19, 2000).

UNUM's pleading states: "Plaintiff has been eligible to receive and/or has been receiving or has received approximately $870.00 per month in retirement payments or other payments that are deductible sources of income under the terms of the policy and that have not been deducted." (Answer (Counterclaim) at ¶ 21.). Plaintiff argues that UNUM fails to allege the governing terms of the policy; the specific type of "other payments" which plaintiff allegedly received; the dates such "other payments" were received; the amounts received; and the theory under which UNUM is permitted to recover such alleged overpayments.

This pleading is skimpy, but not unintelligible, and plaintiff will not be prejudiced by an attempt to answer it. UNUM is not asserting a claim that requires more than notice pleading. Discovery is the appropriate vehicle for obtaining more detail concerning the issues raised in the counterclaim. *Vapac*, 2000 WL 1006257 at *6. Accordingly, defendants' motion for a more definite statement of the claims is denied, and plaintiff is directed to file an answer.

## CONCLUSION

Because Plasmaco is not a proper party, the claims against it are dismissed. Plaintiff's motions to dismiss the counterclaim, and for a more definitive statement of UNUM's allegations, are denied.

This constitutes the decision and order of this Court.