13-3535-cv(L)
Buckley v. Slocum Dickson Medical Group, PLLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        CHRISTOPHER F. DRONEY,
               <u>Circuit Judges</u>,
        LEWIS A. KAPLAN,[*]
               <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
RUDOLPH A. BUCKLEY, M.D.,
        <u>Plaintiff-Counter-Defendant-
        Appellee-Cross-Appellant</u>,

        -v.-

SLOCUM DICKSON MEDICAL GROUP, PLLC, as
successor in interest to SLOCUM
DICKSON MEDICAL GROUP, P.C.,
        <u>Defendant-Counter-Claimant-
        Appellant-Cross-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

13-3535-cv(L)
13-3536-cv(XAP)
13-3767-cv(CON)

---

[*]Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                    ANTHONY J. PIAZZA (with Mark T.
                                     Whitford Jr. on the brief),
                                     Hiscock & Barclay, LLP,
                                     Rochester, New York.

**FOR APPELLEE:**                    JOSEPH S. DEERY, JR., Kowalczyk,
                                     Deery & Broadbent, LLP, Utica,
                                     New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Slocum Dickson Medical Group, PLLC, appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), granting summary judgment in favor of plaintiff-appellee Rudolph A. Buckley and awarding Buckley attorney's fees. Buckley has filed a cross-appeal related to the amount of the fee award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dr. Rudolph A. Buckley worked in Slocum Dickson's medical practice as the group's only orthopedic physician specializing in spine surgery. The employment agreement, executed in December 2000, required Buckley to provide 90 days' notice before leaving the group. If Buckley failed to give the required notice, the agreement called for him to pay liquidated damages of $10,000. On June 2, 2009, Buckley gave his 90 days' notice that he would leave Slocum Dickson on August 30, 2009.

Before the 90 days elapsed, Buckley realized that an earlier departure date would yield a greater severance package, because the plan calculated severance as a percentage of the accounts receivable associated with Buckley's department at the time of his departure, and Buckley had performed a disproportionate number of surgeries in July 2009. On August 4, Buckley informed Slocum Dickson that he was unilaterally terminating his employment, effective that very day. He immediately paid the $10,000 liquidated damages for termination without notice. The liquidated damages did not appreciably reduce the advantage

2

of early departure: Buckley's calculated severance amount under the plan on August 4 was $455,096, whereas it would have been only $47,912 had he waited until the end of August.

On September 1, 2010, Slocum Dickson's Board of Managers decided to pay no severance to Buckley. Buckley filed this lawsuit in New York Supreme Court alleging common law claims for breach of contract. Slocum Dickson removed the action to the Northern District of New York. The district court granted Buckley's motion for summary judgment as well as attorney's fees.

As a threshold matter, this Court must ascertain whether the district court had subject matter jurisdiction over this dispute. As a general rule, federal question jurisdiction pursuant to 28 U.S.C. § 1331 turns on whether a well-pleaded complaint relies on federal law. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Buckley's state court complaint asserted only common law breach of contract claims. Nevertheless, "Congress specifically intended to exert 'extraordinary pre-emptive power' when it adopted the detailed provisions of" Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Romney v. Lin, 94 F.3d 74, 78 (2d Cir. 1996) (quoting Taylor, 481 U.S. at 64). Where a beneficiary of an employee benefit plan covered by ERISA seeks benefits under that plan, "ERISA preempts any state law claims that the plaintiff may have because the state law claims directly 'relate to' the plan, and Congress intended for ERISA to supercede all state laws that relate to employee benefit plans." Kolasinski v. Cigna Healthplan of CT, Inc., 163 F.3d 148, 149 (2d Cir. 1998) (per curiam) (quoting 29 U.S.C. § 1144(a)). Further, where, as here, "'a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed' to federal court." Arditi v. Lighthouse Int'l, 676 F.3d 294, 299 (2d Cir. 2012) (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)). As the Slocum Dickson severance plan in substance provides, and the parties agree, that the plan is governed by ERISA, this action was removed properly from the state court, and the district court had subject matter jurisdiction. Moreover, as the parties consistently litigated this case on the basis of ERISA, and the district court treated it as arising under that statute, we constructively amend the complaint to assert a claim under ERISA. See Greenblatt v. Delta Plumbing & Heating

_Corp._, 68 F.3d 561, 569 (2d Cir. 1995) (noting this Court's "discretionary power . . . to amend a complaint constructively to recognize unpleaded claims").

As to the merits, the Court reviews de novo the district court's grant of summary judgment. See _Hobson v. Metro. Life Ins. Co._, 574 F.3d 75, 82 (2d Cir. 2009). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As for the parties' challenges regarding the fee award, "[t]he standard of review of an award of attorney's fees is highly deferential to the district court," _Mautner v. Hirsch_, 32 F.3d 37, 39 (2d Cir. 1994), however the district court's underlying conclusions of law are reviewed de novo, _Baker v. Health Mgmt. Sys., Inc._, 264 F.3d 144, 149 (2d Cir. 2001).

When a written plan is governed by ERISA and "confer[s] upon a plan administrator the discretionary authority to determine eligibility," a court "will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" _Pagan v. NYNEX Pension Plan_, 52 F.3d 438, 441 (2d Cir. 1995). Moreover, the severance plan conferred on Slocum Dickson's board "exclusive authority and discretion" to "[d]etermine whether an individual is eligible for any benefits under the Plan," to determine the amount of any such benefits, and to interpret the provisions of and terms used in the Plan. Nevertheless, the grant of discretion to the board does not decide this case for several reasons.

The first question is whether the Slocum Dickson board properly applied the terms of the severance plan with respect to Buckley's claim for severance pay. Section 2(i) of the plan provides that an employee in Buckley's circumstances "_shall receive_ . . . an amount equal to sixty-five percent (65%) of Employee's share of the accounts receivable of the Corporation, existing as of the date of termination, assigned to Employee's department in accordance with the accounting practices adopted by the Corporation, as to which there has been any activity (either to billings or payment) within the preceding two (2) years." In assessing Slocum Dickson's application of this term, we give effect to

4

its unambiguous meaning to the extent that one exists. O'Neil v. Ret. Plan for Salaried Employees of RKO Gen., 37 F.3d 55, 58-59 (2d Cir. 1994). To the extent that the term is ambiguous, we "review a denial of benefits . . . de novo, unless the plan itself grants the fiduciary discretion to construe the terms of the plan, in which event the court should apply the arbitrary and capricious standard." Id. at 59 (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).[1] Here, there was nothing ambiguous about Buckley's contractual entitlement to severance pay.[2] The Slocum Dickson board therefore was bound to apply the plain language of its severance plan and lacked any discretion to depart from it.

The result would be the same even if there were some ambiguity with respect to Buckley's entitlement to severance pay. Whatever deference otherwise is due to a plan administrator abates when the administrator has a conflict of interest, both determining and paying the benefit. See, e.g., Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111-12, 115 (2008). As the district court found, Slocum Dickson "is both the entity that decides whether plaintiff is entitled to benefits and the entity that would make such a payment,"

---

[1]Accord Edwards v. Briggs & Stratton Ret. Plan, 639 F.3d 355, 362 (7th Cir. 2011) ("[U]nambiguous terms of a pension plan leave no room for the exercise of interpretive discretion. . . . Thus, [t]he administrator must implement and follow the plain language of the plan." (second alteration in original) (internal citations and quotation marks omitted)); Blackshear v. Reliance Standard Life Ins. Co., 509 F.3d 634, 639 (4th Cir. 2007) ("[T]he administrator is not free to alter the terms of the plan or to construe unambiguous terms other than as written. . . . An administrator's discretion never includes the authority to read out unambiguous provisions contained in an ERISA plan." (internal citations and quotation marks omitted)), abrogated on other grounds by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008).

[2]Nor, in this case, was there any issue as to the computation of the amount, a matter that at least in some circumstances might have been within the board's discretion.

5

without any internal check on the resulting conflict of interest. <u>Buckley v. Slocum Dickson Med. Grp., PLLC</u>, 941 F. Supp. 2d 251, 258 (N.D.N.Y. 2013). We therefore would dial back our deference to the medical group's justifications for denying Buckley's severance.

The contractual arrangements here specified the financial costs and benefits of Buckley's abrupt departure. First, the employment agreement set the price tag for resignation without sufficient notice--<u>i.e.</u>, liquidated damages of $10,000. Second, the severance plan defined the severance owed to Buckley--<u>i.e.</u>, a function of accounts receivable, which increased precipitously on the eve of his departure. Slocum Dickson now offers several justifications for its denial of severance. All would be ineffective even if the plan were ambiguous as to Buckley's entitlement.

The medical group defends the denial of severance based upon various costs it encountered when Buckley resigned. To the extent that these losses actually derived from Buckley's decision to leave before his 90-day notice period elapsed, the liquidated damages must be deemed adequate compensation, and Buckley wasted no time paying that sum to Slocum Dickson upon his separation. Accordingly, the medical group could not reasonably contend that the cost of Buckley's departure justifies a complete denial of his severance.

In the alternative, Slocum Dickson contends that it was justified in denying severance because Buckley abandoned his patients when he resigned without notice, thereby breaching his ethical duties. The record would not support this contention even if the board had discretion. Buckley offered to supervise a physician assistant in his specialty, even without pay, to ensure the continued treatment of his patients at Slocum Dickson. And it is undisputed that no patient suffered any harm as a consequence of Buckley's abrupt departure.

Given the unambiguous character of Buckley's right to severance as well as Slocum Dickson's conflict of interest in deciding Buckley's severance, the unambiguous contractual

6

scheme, and Slocum Dickson's unavailing justifications for its decision to deny severance, the district court was correct to grant Buckley's motion for summary judgment.

Having won summary judgment, Buckley was entitled to seek attorney's fees pursuant to both the employment agreement and Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). The district court awarded Buckley $47,723 in fees. This fee award was within the district court's discretion and was consistent with the robust record surrounding the motion for fees.

For the foregoing reasons, and finding no merit in the parties' other challenges to the district court, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK