■ METROPOLITAN TRANSPORTATION AUTHORITY, Respondent, v TRIUMPH ADVERTISING PRODUCTIONS, INC., Defendant, and KING PERCIVAL, Appellant.—Order, Supreme Court, New York County (McCooe, J.), entered February 22, 1985, which denied defendant Percival's motion to dismiss the amended complaint for failure to state a cause of action (CPLR 3211 [a] [7]) and for failure to plead fraud with the requisite particularity (CPLR 3016 [b]), unanimously reversed, on the law, and the motion is granted, without costs.

Defendant-appellant King Percival (Percival) is the president of defendant Triumph Advertising Productions (Triumph), and owns 25% of its shares of stock. In February 1984, plaintiff Metropolitan Transporation Authority (MTA) publicly solicited bids for a contract to print a series of neighborhood maps, to be placed in subways throughout the city. Plaintiff awarded the contract to Triumph, which submitted the lowest of 11 bids. However, according to the affidavit of Percival, Triumph's subcontractor, National Poster, thereafter "expressed dissatisfaction with the artwork [provided by MTA] and the fact that the costs of printing would be substantially more than they had anticipated". It is disputed whether the "mechanical" shown to Percival during the bidding process was "typical" of those to be used for the artwork. The MTA refused to accede to Triumph's request that it either change the artwork supplied, or increase the contract price. National Poster withdrew from the project and Triumph gave notice to MTA that it could not complete the contract.

Plaintiff MTA commenced this action for breach of contract against Triumph and Percival. The amended complaint sets forth four causes of action, the second, third and fourth of which are against Percival individually. The first cause of

action alleges breach of contract by the corporate defendant. The second cause of action alleges that Percival acted fraudulently and in bad faith in submitting Triumph's bid, without intending performance of the contract. The third cause of action asserts that Percival acted with "reckless disregard of reasonable business practices" in computing and determining the amount of the bid, and in communicating and negotiating with its subcontractor. The fourth cause of action alleges that Percival tortiously interfered with Triumph's performance under the contract by using Triumph as his agent and instrumentality, and, in bad faith, fraudulently and for reasons of personal advantage, directed that Triumph breach the contract.

Special Term denied Percival's motion to dismiss the complaint as against him for insufficiency, and to dismiss the second cause of action for failure to plead fraud with the requisite particularity, holding the allegations of the complaint sufficiently pleaded a cause of action for fraud, since they charged Percival with fraudulently entering into the contract on Triumph's behalf without intending to perform. The court further found that the fourth cause of action sufficiently alleged personal liability against Percival under the theory of piercing the corporate veil.

We cannot agree with Special Term, and reverse. The courts of this State have consistently held since *Briefstein v Rotondo Constr. Co.* (8 AD2d 349, 351) that a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract. *(See, Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320, 323, and cases discussed therein.)* Assuming every fact alleged to be true and liberally construing the amended complaint in plaintiff's favor, as we must on a motion to dismiss for insufficiency, the amended complaint fails to state any cognizable cause of action against the individual defendant.

The second cause of action asserted against Percival, for fraud, alleges only a breach of the representation of performance implicit in making the bid and a subsequent assurance of performance implicit in making the bid and a subsequent assurance of performance by Percival. None of these allegations are distinct from those giving rise to the breach of contract claim and relate to facts collateral and extraneous to the contract. Given that the alleged fraudulent misrepresentations set forth in the first cause of action relate only to the specifications of the contract, and that plaintiff seeks no special damages unrecoverable under the contract measure of

damages, the second cause of action is redundant in light of the first cause of action for breach of contract against the corporate defendant. *(Tesoro Petroleum Corp. v Holborn Oil Co., 108 AD2d 607.)* The third cause of action for "reckless disregard of reasonable business practices" was not discussed by Special Term. In any event, it is illusory and redundant since it repeats and reiterates the allegations set forth in the first cause of action.

The fourth cause of action purports to state a claim for tortious interference with Triumph's performance of the printing contract. The 31st and 32nd paragraphs assert:

"Upon information and belief, at all times set forth herein, defendant Triumph acted as the agent and instrumentality of defendant Percival and in furtherance of Percival's personal financial interests.

"In addition, Percival, in bad faith, fraudulently and for reasons of personal advantage, directed that Triumph breach the Contract with MTA."

However, the amended complaint fails to allege facts upon which personal liability of Percival to plaintiff can be predicated, or which demonstrate that Percival induced the breach of performance for his own personal gain. There are no facts indicating that Percival's degree of control over Triumph made it his *alter ego.* Mere conclusory allegations that the corporate structure is a sham are insufficient to warrant piercing the corporate veil. *(Perez v One Clark St. Hous. Corp., 108 AD2d 844, 845; Cusumano v Iota Indus., 100 AD2d 892, 893.)* To the extent that the fourth cause of action reiterates the prior allegations of fraud set forth in the amended complaint, its insufficiency is discussed *supra.* Concur—Sullivan, J. P., Carro, Fein, Lynch and Rosenberger, JJ.