■ C.B. WESTERN FINANCIAL CORP. et al., Respondents, v COMPUTER CONSOLES, INC., Appellant. (Action No. 1.) COMPUTER CONSOLES, INC., Appellant-Respondent, v CHARLES MATTINGLY, JR., as Attorney for C.B. WESTERN FINANCIAL CORP., et al., Respondents, and JONAS, LIBERT & WEINSTEIN, Respondent-Appellant. (Action No. 2.)—In actions to recover damages for breach of contract, conversion and fraudulent inducement to contract, and for declaratory relief and recovery of damages for violations of Judiciary Law § 487 and abuse of process, the defendant in action No. 1 and the plaintiff in action No. 2, Computer Consoles, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered October 25, 1984, as granted the motion of the defendant in action No. 2, Jonas, Libert & Weinstein, to dismiss its second cause of action for declaratory relief and recovery of damages for violations of Judiciary Law § 487, without prejudice to renewal should a cause of action for malicious prosecution mature and to dismiss its third cause of action to recover damages for abuse of process, and denied its cross motion to dismiss the complaint of the plaintiffs in action No. 1; and Jonas, Libert & Weinstein, the defendants in action No. 2, cross-appeal from so much of the same order as dismissed the second cause of action of the plaintiff's complaint in action No.

2 "without prejudice to renewal should a cause of action for malicious prosecution mature".

Order modified, on the law, by (1) deleting the fourth decretal paragraph thereof, which denied the cross motion of Computer Consoles, Inc., to dismiss the complaint of the plaintiffs in action No. 1, and substituting therefor a provision granting those branches of the motion which sought to dismiss the second and third causes of action of that complaint, and (2) deleting from the first decretal paragraph the words "accordingly that cause of action is dismissed without prejudice to renewal should a cause of action for malicious prosecution mature;". As so modified, order affirmed, without costs or disbursements.

On October 15, 1981, a number of individuals and entities, including the plaintiffs in action No. 1, C.B. Western Financial Corp., Compu-Tronics, Inc., Beta Computer, Inc., Gamma Computers, Inc., Walter Bernstein, and Leo Chizner, the decedent of the plaintiff Gloria Chizner (hereinafter the plaintiffs), entered into an agreement whereby they conveyed all of their interests in Time Machine, Ltd. (hereinafter Time Machine), a computer company, to the defendant in action No. 1, Computer Consoles, Inc. In return, Computer Consoles, Inc. (hereinafter Computer Consoles) agreed to work with Time Machine in developing, manufacturing and marketing a new computer known as the TM-600 and to pay royalties on the sales thereof to the plaintiffs. Under the agreement, however, Computer Consoles retained sole discretion whether or not to produce and market the TM-600 and could thereby be relieved of any obligation to pay royalties. Thereafter, in August 1982, Computer Consoles informed the plaintiffs that due to a series of setbacks and other significant problems, it had terminated development of the TM-600 as of May 1982 and planned instead to pursue development of a new and distinct computer to be known as the "Tahoe".

Following the rejection of their request for independent verification of the abandonment of the TM-600 project, the plaintiffs commenced an action against Computer Consoles (action No. 1) seeking damages for breach of contract, conversion and fraudulent inducement to contract. The crux of the complaint was that Computer Consoles was continuing the development, production and sale of the TM-600 and failing to pay royalties. In response, Computer Consoles commenced a separate action (action No. 2) against the plaintiffs, seeking a declaration of its rights under the aforementioned, agreement, and damages for violation of Judiciary Law § 487 and abuse of

process. In addition to the plaintiffs in action No. 1, Computer Consoles' action also named as defendants Charles Mattingly, Jr., the attorney who had executed the agreement on their behalf, and Jonas, Libert & Weinstein, the law firm which represented the plaintiffs in action No. 1.

Following an order (Robbins, J.) directing that the actions be tried jointly, the respective parties moved and cross-moved to dismiss their respective opponents' complaints.

Special Term correctly denied so much of the motion by Computer Consoles as sought to dismiss the cause of action of the plaintiffs in action No. 1 to recover damages for breach of contract. An examination of the record reveals the existence of material issues of fact as to whether Computer Consoles had failed to pay royalties to which the plaintiffs were entitled under the agreement.

It was error, however, to deny Computer Consoles' cross motion insofar as it sought dismissal of the cause of action of the plaintiffs in action No. 1 to recover damages for conversion. Integral parts of an action for conversion are a claim of legal ownership or an immediate superior right of possession to the allegedly converted property and an unauthorized exercise of dominion over that property by the defendant *(see, Gold Medal Prods. v Interstate Computer Servs.,* 80 AD2d 600). At bar, it is clear that by virtue of the agreement dated October 15, 1981, the plaintiffs relinquished all ownership interest in the assets of Time Machine, Ltd., including the TM-600 computer and the related technology and trade secrets. Thus, the plaintiffs have failed to demonstrate either their ownership or superior right to the possession of the TM-600 and its related technology, or Computer Consoles' unauthorized exercise of dominion over those assets. Accordingly, the second cause of action of the complaint in action No. 1 should be dismissed.

Similarly, it was error to deny Computer Consoles' cross motion insofar as it sought dismissal of the cause of action of the plaintiffs in action No. 1 to recover damages for fraudulent inducement to contract. The alleged fraudulent representations of Computer Consoles concern its promises to develop, manufacture and market the TM-600 computer. These promises were not merely inducements to contract but were actually part of the express terms of the contract. A cause of action for fraud in inducing a contract cannot be based solely upon a failure to perform contractual promises of future acts. An alleged failure to perform such acts is a breach of contract which must be enforced by an action on the contract *(see,*

*Wegman v Dairylea Coop.,* 50 AD2d 108, *lv dismissed* 38 NY2d 918).

Finally, with regard to action No. 2, Special Term correctly dismissed both the cause of action to recover damages for violation of Judiciary Law § 487 and the cause of action to recover damages for abuse of process *(see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397). Further, the cause of action for violation of Judiciary Law § 487 should have been dismissed outright since Computer Consoles failed to establish the existence of a cause of action under the statute. Any speculation as to the possible future existence of a cause of action for malicious prosecution and its bearing on Computer Consoles' claims was unwarranted. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.