OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Defendant stated three counterclaims: (1) for breach of contract in failing to pay the balance due of the purchase price, (2) for breach of contract in violating geographic restrictions on resale allegedly agreed to orally, and (3) for fraud in the inducement in that plaintiff had no intention of abiding by the geographical restrictions orally agreed to. The second counterclaim was dismissed because the restrictions were not contained in the written contract and the jury returned a verdict of $170,000 on the first counterclaim and $130,000 on the third. The Appellate Division affirmed, without opinion.
The trial court properly denied plaintiffs motion to dismiss the third counterclaim. As we stated in Sabo v Delman (3 NY2d 155, 160) "a promise * * * made with a preconceived and undisclosed intention of not performing it, * * * constitutes a misrepresentation”. Involved in defendant’s third counterclaim, therefore, is not a mere promissory statement as to what will be done in the future (see, Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403; Sabo v Delman, supra). It alleged rather "a representation of present fact, not of future intent” (Citibank v Plapinger, 66 NY2d 90, 94) collateral to, but which was the inducement for the contract, and thus was neither duplicative of the second counterclaim (see, Sager v Friedman, 270 NY 472, 479) nor barred by the general merger clause contained in the contract (Danann Realty Corp. v Harris, 5 NY2d 317; see, Citibank v Plapinger, supra).
Moreover, review of the jury charge makes clear that there was no duplication of damages in the jury’s awards on the first and third counterclaims. The measure of damages recoverable for being fraudulently induced to enter into a contract which otherwise would not have been made is "indemnity for [the] loss suffered through that inducement” (see, Sager v Friedman, 270 NY, at p 481, supra). Here the jury was properly allowed to award damages to defendant on the third counterclaim for the costs to locate the goods, the costs to repurchase the goods, storage fees and disposal costs, and under the first counterclaim for the balance remaining due on the purchase price for the goods sold and delivered.
*957 The court concludes that plaintiffs remaining allegations of error are without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.