■ BABY TOGS, INC., Respondent-Appellant, v IMI SYSTEMS, INC., Appellant-Respondent. [613 NYS2d 168] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about October 21, 1993 which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment on its cause of action for breach of contract, unanimously modified, on the law, to the extent of granting defendant's motion with respect to the causes of action denominated failure of essential purpose, fraud, and unjust enrichment and granting plaintiff's cross motion for summary judgment on the first cause of action and

directing an assessment of damages thereon, and otherwise affirmed, with costs.

The action involved a contract entered into by the parties in October 1987 under which defendant was to design and install a computerized management system in plaintiff's warehouse (WMS) and plaintiff was to have the final right of acceptance after testing the WMS. The agreement contemplated a May 1988 completion date and also contained a 10-day notice to cure any default after which the contract could be terminated. Following execution the contract was modified on several occasions to include development of, and payment for, software for the WMS, the last amendment containing a date as late as January 20, 1989 for development of the software. The WMS was finally tested in plaintiff's warehouse in June 1989, with disastrous results that defendant claims were in part due to plaintiff's derelictions. However, defendant does not deny that the WMS and software were still not ready for installation as of September 1991, and we hold that it was reasonable for plaintiff to wait no longer. Plaintiff has paid in excess of $1 million and has received nothing in return under a contract executed in October 1987. The December 5, 1990 letter of termination, extended by the acts of the parties to September 1991, was sufficient compliance with the original contract terms governing termination, and afforded defendant more than sufficient time to cure any defects. Defendant failed to cure the defects and was in continued default of the agreement. Accordingly, we grant plaintiff summary judgment as to liability on the first cause of action for breach of contract. However, plaintiff's remaining causes of action should be dismissed because they all relate to the breach of contract cause of action and thus may not be separately maintained (see, Metropolitan Transp. Auth. v Triumph Adv. Prods., 116 AD2d 526). Concur—Murphy, P. J., Rosenberger, Kupferman, Ross and Tom, JJ.