**HUDSON OPTICAL CORP., Plaintiff,**

v.

**CABOT SAFETY CORP., Defendant.**

No. CV 95–0769.

United States District Court,
E.D. New York.

July 31, 1997.

Brock Fensterstock Silverstein McAuliffe & Wade, LLC by Blair C. Fensterstock, Jorn S. Hall, New York City, for Plaintiff.

Flemming, Zulack & Williamson, LLP by Richard A. Williamson, Jason T. Cohen, New York City, for Defendant.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Hudson Optical Corp. ("Hudson") brought this action against defendant Cabot Safety Corp. ("Cabot") asserting claims for, *inter alia,* breach of contract and fraud relating to an agreement between the parties under which Hudson was to supply Cabot with prescription safety glasses for sale by Cabot to third parties. Cabot asserted cross-claims for, *inter alia,* breach of contract and fraud, although Cabot's fraud counterclaim was dismissed before trial. Following a jury trial in February 1997, the jury awarded Hudson $185,000 on its breach of contract claim and $565,000 on its fraud claim, and rejected Cabot's counterclaims. Presently before this Court is Cabot's post-trial motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure to dismiss Hudson's fraud claim.[1]

---

1. The Court rejects Hudson's argument that Cabot's motion is procedurally defective.

The representations Hudson claimed were fraudulent and upon which it relied to its detriment in entering the agreement with Cabot were (1) that Cabot would sell 72,700 Hudson frames in the first year of the agreement, and (2) that Cabot would promote and sell Hudson frames equally with Cabot frames. Hudson argues that these representations were sufficient to support a claim for fraudulent inducement because they were made prior to the date of the parties' agreement, April 8, 1994, and "without which Hudson would not have been induced to enter the contract." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Post–Verdict Judgment as a Matter of Law ("Pl. Mem."), at 6.

■ Under New York law, as Cabot argues, Hudson's fraud claim can be sustained if the evidence was sufficient to prove (1) that Cabot's representations were collateral or extraneous to the contract; (2) that Cabot owed Hudson a legal duty separate from the duty to perform under the contract; or (3) that Cabot's representations caused Hudson special damages unrecoverable as contract damages. *See Bridgestone/Firestone, Inc. v. Recovery Credit Serv., Inc.,* 98 F.3d 13, 20 (2d Cir.1996) (citing New York cases). Cabot argues that Hudson's fraud claim cannot be sustained on any of these bases. This Court agrees.

Under New York law, where a fraud claim is "premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie." *McKernin v. Fanny Farmer Candy Shops, Inc.,* 176 A.D.2d 233, 574 N.Y.S.2d 58, 59 (2d Dep't 1991); *see Deerfield Communications Corp. v. Chesebrough–Ponds, Inc.,* 68 N.Y.2d 954, 510 N.Y.S.2d 88, 89, 502 N.E.2d 1003, 1004 (1986) (misrepresentation of present fact, not of future intent, which was collateral or extraneous to the contract, but which was an inducement to the contract, can give rise to a separate claim of fraudulent inducement); *see also Bridgestone/Firestone,* 98 F.3d at 20 (citing *Deerfield,* 510 N.Y.S.2d at 89, 502 N.E.2d at 1004, and *Metropolitan Transp.*

*Auth. v. Triumph Advertising Productions. Inc.,* 116 A.D.2d 526, 497 N.Y.S.2d 673, 675 (1st Dep't 1986)); *D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.,* 873 F.Supp. 786, 795–96 (E.D.N.Y.1995); *Spellman v. Columbia Manicure Mfg. Co.,* 111 A.D.2d 320, 489 N.Y.S.2d 304, 307–08 (2d Dep't 1985). In other words, "[a] cause of action for fraud in inducing a contract cannot be based solely upon a failure to perform contractual promises of future acts. An alleged failure to perform such acts is a breach of contract which must be enforced by an action on the contract." *C.B. Western Financial Corp. v. Computer Consoles, Inc.,* 122 A.D.2d 10, 504 N.Y.S.2d 179, 182 (2d Dep't 1986). Although a promise made with a "preconceived and undisclosed intention of not performing it" can give rise to a fraudulent inducement claim, *Deerfield Communications,* 510 N.Y.S.2d at 89, 502 N.E.2d at 1004; *see also Stewart v. Jackson & Nash,* 976 F.2d 86, 88–89 (2d Cir.1992), the promise must be collateral or extraneous to the terms of the agreement, not merely a promise to perform under the express terms of the contract, even if made with no intention to abide by the stated intention. *See McKernin,* 574 N.Y.S.2d at 59; see also *Crabtree v. Tristar Automotive Group, Inc.,* 776 F.Supp. 155, 162–63 (S.D.N.Y.1991) ("a representation that performance will be made, even if only implied through the negotiation process, is not distinct from the contract"); *North Triphammer Development Corp. v. Ithaca Assocs.,* 704 F.Supp. 422, 427 (S.D.N.Y.1989); *Metropolitan Transp. Auth. v. Triumph Advertising Productions,* 116 A.D.2d 526, 497 N.Y.S.2d 673, 675 (1st Dep't 1986); *Spellman,* 489 N.Y.S.2d at 307–08.

■ The record demonstrates that Cabot's representations were not "collateral or extraneous to the terms of the parties' agreement"—they were express terms of the agreement. Indeed, Hudson's proof at trial demonstrated that these representations were express terms of the parties' agreement. *See. e.g.,* Hudson Exh. 70 (letter from Richard Hirschman of Hudson to Daniel O'Connor of Cabot, dated July 15, 1994, summarizing the terms of the parties' agreement); Transcript of Trial, at 58–59, 68–69,

130–31; *see also* Tr. 731 (Hudson's counsel's urging in summation that these representations were terms of the parties' agreement). Accordingly, Hudson's fraud claim cannot be sustained as arising from representations collateral or extraneous to the terms of the parties' agreement.

■ In addition, the record does not support the existence of a legal duty owed by Cabot to Hudson separate from the contractual obligations arising from the parties' agreement. Thus, Hudson's fraud claim cannot be sustained as based on a legal duty owed by Cabot separate from the duty to perform under the contract. *See Bridgestone/Firestone,* 98 F.3d at 20.

Nor is the record sufficient to establish that Hudson suffered special damages caused by Cabot's representations that are unrecoverable as contract damages. Thus, Hudson's fraud claim cannot be sustained as based on special damages unrecoverable as contract damages. *See id.*

Because there is no basis to sustain Hudson's fraud claim, Cabot's motion for judgment as a matter of law is granted, and Hudson's fraud claim is dismissed. The Clerk of the Court is directed to enter judgment in this case.

SO ORDERED.