■ RICHARD A. BERNSTEIN, Appellant, v GOLDEN PRESS HOLD-ING, L.L.C., et al., Respondents. [741 NYS2d 213] —Order, Supreme Court, New York County (Herman Cahn, J.), entered February 23, 2001, which, in an action for fraud, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff, a former chief executive officer of defendant company's predecessor, alleges that the remaining defendants defrauded him of his corporate position and ability to vote the shares comprising his large equitable interest when he relinquished his executive position in the company and shareholder voting power in exchange for defendants' agreement to infuse the company with a large amount of capital. The alleged misrepresentations, to the effect that defendants would eliminate the company's debt and operate it frugally and had already secured certain arrangements and relationships that once exploited would return the company to profitability, were made during negotiations that culminated in a

38-page purchase agreement and irrevocable proxy, but were not included among the lengthy warranties and covenants set forth in those documents. This omission negates any inference of reasonable reliance and is fatal to plaintiff's claim of fraud. Moreover, while plaintiff's allegations concerning the large salaries and lavish perquisites that defendants gave themselves perhaps state a claim for corporate waste, they do not state facts sufficient to show that during the negotiations defendants had a preconceived and undisclosed intent to act profligately and incur debt (*see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954). Nor does defendants' alleged failure to successfully exploit the arrangements and relationships they claimed to have secured permit an inference that their representations concerning the existence of such arrangements and relationships were false when made and that defendants knew that such arrangements and relationships were inadequate to achieve the success envisioned. Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.