12-56-cv
Sun Prods. Corp. v. Bruch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of January, two thousand thirteen.

PRESENT:   GUIDO CALABRESI,
           ROBERT D. SACK,
           GERARD E. LYNCH,
                     *Circuit Judges.*

————————————————————————————————

THE SUN PRODUCTS CORPORATION,

                     *Plaintiff-Appellee*,

         v.                                          No. 12-56-cv

JERRY BRUCH,

                     *Defendant- Appellant.*

HIGH POINT GROUP,

                     *Defendant.**

————————————————————————————————

FOR APPELLANT:      ERIC DRANOFF, Saretsky Katz Dranoff & Glass, L.L.P.,
                    New York, N.Y.

———————————————

\* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

FOR APPELLEE:            BYRON L. PICKARD (David K.S. Cornwell. *on the brief*),
                         Sterne, Kessler, Goldstein & Fox, PLLC, Washington, DC.
                         Michael J. Sullivan, Coughlin Duffy LLP, Morristown, N.J.

Appeal from the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant Jerry Bruch ("Bruch") appeals the district court's grant of partial summary judgment on plaintiff-appellant The Sun Products Corporation's ("Sun Products") claim of fraudulent misrepresentation. We review a district court's grant of summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bruch argues that Sun Products cannot pursue its fraud claim because (a) it has not established that it owns the rights to the SNUGGLE® brand, and (b) even if it does, it did not acquire the right to bring the instant action when it purchased the SNUGGLE® brand. We note that the first argument was not made to the district court below, and was therefore waived. Regardless, after a careful review of the record, we are satisfied that there is no genuine issue about Sun Products' ownership of the rights to the SNUGGLE® brand. Indeed, Bruch himself testified that Sun Products owned the brand and presents no evidence to the contrary. We are also satisfied that when Sun Products purchased the rights to the SNUGGLE® brand, it acquired the right to bring the instant action. The relevant agreement

clearly conveys "rights of recovery, rights of set-off, rights of compensation, Claims and causes of action," including all rights to assert causes of action "that either Seller . . . ever had, now has or may or shall have in the future, whether known or unknown."

Bruch's other arguments are similarly meritless. The fraud claim was established by clear and convincing evidence: as the district court correctly noted, Bruch's deposition testimony "establishe[d] with ample clarity that Bruch took personal actions to perpetrate the fraud and was aware of it." Sun Prods. Corp. v. Bruch, No. 10 Civ. 4816, 2011 WL 5120307, at *5 (S.D.N.Y. Oct. 28, 2011). Bruch's claim that he intended to rectify the fraud at some unspecified future time is irrelevant. Bruch conceded that he deliberately understated his company's sales in order to deceive Sun Products about the amount of royalties due. Nothing more is required. See Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1108 (N.Y. 2011) (listing elements of a fraud claim). Further, the fraud claim is not duplicative of the breach of contract claim. While it is true that "a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations," Rocanova v. Equitable Life Assurance Soc'y, 634 N.E.2d 940, 944 (N.Y. 1994), "a fraud claim may be dismissed *as duplicative* only as against a defendant against whom the related contract claim is viable." Richbell Info. Servs. v. Jupiter Partners, L.P., 765 N.Y.S.2d 575, 589 (1st Dep't 2003) (emphasis in original).[1]

---

[1] We note that an earlier decision of the same court appears to have adopted a contrary view. See Metro. Transp. Auth. v. Triumph Adver. Prods., 497 N.Y.S.2d 673 (1st Dep't 1986). We conclude that the more recent authority governs the issue.

Bruch was not a party to his company's contract, and is being sued personally for his willful misrepresentations, not for breach of any contract.

We have examined Bruch's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court