Syncora Guar. Inc. v Macquarie Sec. (USA) Inc. (2018 NY Slip Op 06144)





Syncora Guar. Inc. v Macquarie Sec. (USA) Inc.


2018 NY Slip Op 06144


Decided on September 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7048 651258/12

[*1]Syncora Guarantee Inc., Plaintiff-Respondent,
v
Macquarie Securities (USA) Inc., Defendant-Appellant, Alinda Capital Partners LLC, et al., Defendants.


Gibson, Dunn & Crutcher LLP, New York (Christopher M. Joralemon of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Maaren A. Shah of counsel), for respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about February 14, 2017, which denied the motion of defendant Macquarie Securities (USA), Inc. to dismiss the complaint except to the extent of striking plaintiff's demands to recover rescissory and punitive damages, unanimously affirmed, without costs.
Plaintiff Syncora Guarantee Inc. issued unconditional and irrevocable financial guaranty insurance policies, guaranteeing the payment of principal and interest on $500 million in bonds, which are backed by income from certain toll bridges and a toll tunnel. Syncora asserts causes of action for fraud and negligent representation against Macquarie, which acted as a financial advisory services provider in connection with the transaction. Syncora alleges that Macquarie knowingly overstated the income forecasts from the toll properties with the intention of inducing it to guarantee the payments under the bonds. It is undisputed that Syncora continued to receive premiums from the insureds under the policies after learning of the alleged fraud and misrepresentations.
Insurance Law § 3015(b)(1) is not applicable because Syncora does not seek to defeat recovery by the insureds and does not seek rescission of the insurance policies, which it could not do because the policies are unconditional and irrevocable (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., __ NY__, 2018 NY Slip Op 04686, *3 [2018]).
Syncora sufficiently alleges facts from which it can be inferred that it sustained damages arising from the alleged fraud (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [1986]). Any factual questions as to whether the damages it seeks to recover are identical to rescissory damages may not be resolved on this motion to dismiss (see Ambac Assur. Corp., 2018 NY Slip Op 04686, *3).
United States Life Ins. Co. in the City of N.Y. v Blumenfeld (92 AD3d 487 [1st Dept 2012], and 113 AD3d 530 [1st Dept 2014]) do not require dismissal of Syncora's fraud and negligent misrepresentation claims. There, the insurer sought a declaratory judgment rescinding a life insurance policy on the ground that the insured had made misrepresentations in its application for coverage. The complaint provided no basis for inferring that the insurer had sustained any compensable damages, apart from its rescission claim. Here, in contrast, Syncora [*2]alleges it has sustained hundreds of millions of dollars in damages as a result of Macquarie's fraudulent misrepresentations, which induced Syncora to issue the irrevocable policies to third parties.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 20, 2018
CLERK