KS Trade LLC v International Gemological Inst., Inc. (2021 NY Slip Op 00259)





KS Trade LLC v International Gemological Inst., Inc.


2021 NY Slip Op 00259


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 656713/16 Appeal No. 12913 Case No. 2019-3600 2019-3731 

[*1]KS Trade LLC, Plaintiff-Respondent-Appellant,
v
International Gemological Institute, Inc. et al., Defendants-Appellants-Respondents, Roland Lorie et al., Defendants.


Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Michael M. Munoz of counsel), for International Gemological Institute, Inc., Jerry Ehrenwald and David Weinstein, appellants-respondents.
Blinken Law, New York (Sally Blinken of counsel), for Jerry Ehrenwald, appellant-respondent.
Bedell & Forman LLP, New York (Michael A. Bedell of counsel), for Browdy/ Copeland, Inc., appellant-respondent.
Morrison Cohen LLP, New York (Jeffrey D. Brooks of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 18, 2019, which, insofar as appealed from as limited by the briefs, granted defendants-appellants' CPLR 3211(a) motions to the extent of dismissing the claims alleging violation of the Donnelly Act/General Business Law (GBL) § 340), breach of contract, and conspiracy to commit fraud, and denied their motions to the extent of dismissing the claims alleging violation of GBL 349, fraud, aiding and abetting fraud, and tortious interference with business relations, unanimously modified, on the law, the claims for violation of the Donnelly Act/GBL 340 and conspiracy to commit fraud reinstated, the claim for tortious interference with business relations dismissed, and otherwise affirmed, without costs.
The court properly upheld the claim under GBL 349 against defendants International Gemological Institute, Inc. (IGI NY), Jerry Ehrenwald (Ehrenwald), and David Weinstein (Weinstein) (collectively IGI Defendants). To state a claim under GBL 349, a plaintiff must allege "[1] that the challenged act or practice was consumer-oriented; [2] that it was misleading in a material way; and [3] that the plaintiff suffered injury as a result of the deceptive act" (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]). Plaintiff has alleged that IGI Defendants engaged in deceptive "consumer-oriented" conduct, as the alleged fraud scheme, which involved the issuance of false appraisal certificates for over-graded diamonds, were ultimately directed at misleading consumers into buying diamonds at artificially inflated prices. Indeed, the gravamen of the amended complaint is harm to the public interest (see Vitolo v Mentor H/S, Inc., 426 F Supp 2d 28, 33-34 [ED NY 2006], affd 213 Fed Appx 16 [2d Cir 2007], cert denied 552 US 815 [2007]). Plaintiff has standing to bring a claim despite not being a consumer, as courts have permitted business competitors to bring claims under GBL 349 so long as there has been harm done to the public at large (Securitron Magnalock Corp. v Schnabolk, 65 F3d 256, 264-265 [2d Cir 1995], cert denied 516 US 1114 [1996]; In re Houbigant, 914 F Supp 964, 983-984 [SD NY 1995]). Further, plaintiff has pleaded facts that the individual defendants were aware of, and participated in, the deceptive conduct.
The court also properly sustained the fraud claim against IGI Defendants. To state a claim for fraud, one must allege a "misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Fraud must be pleaded with sufficient particularity (CPLR 3016[b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]). Plaintiff has sufficiently alleged misrepresentations of "accurate and objective" gradings by the overseas IGI [*2]branches, as well as misrepresentations of "consistent" gradings by IGI NY. Plaintiff also pleaded justifiable reliance on such misrepresentations in purchasing diamonds with overseas IGI certificates with the expectation that IGI NY would issue consistent appraisals. The disclaimers in IGI Group's website and IGI NY's Client Agreement do not negate a finding of justifiable reliance because, even though they specifically disclaimed guarantees of consistency, defendants had "peculiar knowledge" of the underlying fraud (Basis Yield Alpha Fund Master v Morgan Stanley, 136 AD3d 136, 145 [1st Dept 2015]). Further, plaintiff stated fraud claims against Weinstein and Ehrenwald individually, as the allegations in the amended complaint give rise to a reasonable inference that they knew of or were involved in the fraud (Pludeman, 10 NY3d at 493).
Plaintiff has stated aiding and abetting fraud claims against IGI Defendants and defendant Browdy/Copeland, Inc. (BC), as it pleaded an underlying fraud, as well as substantial assistance by all defendants (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).
The claim for tortious interference with business relations against IGI Defendants should have been dismissed. IGI NY Defendants' misconduct was not directed at Retailer X so as to induce it to terminate business relations with plaintiff, but at plaintiff to prevent it from carrying its obligations to Retailer X (Arnon Ltd [IOM] v Beierwaltes, 125 AD3d 453 [1st Dept 2015]).
The court should not have dismissed the claim alleging violation of the Donnelly Act (GBL 340), which declares that "[e]very contract, agreement, arrangement or combination whereby . . . [c]ompetition or the free exercise of any activity in the conduct of any business, trade or commerce or in the furnishing of any service in this state is or may be restrained [is] against public policy, illegal and void" (GBL 340[1]). The reasonableness of trade restraint is analyzed under the "per se rule" or "rule of reason" (Atlantic Richfield Co. v USA Petroleum Co., 495 US 328, 342 [1990]). "While most trade practices are analyzed under a 'rule of reason' standard  that is, it must be shown that under the circumstances there is an unreasonable restraint of trade  some activities are deemed so pernicious to competition that they are found to be per se unreasonable" (People v Rattenni, 81 NY2d 166, 171-172 [1993]). Plaintiff has demonstrated a per se restraint of trade by pleading a conspiracy in the form of horizontal price-fixing. As alleged, the conspiracy permits diamond dealers and jewelry manufacturers who participate in the scheme to buy over-graded diamonds at lower prices, and then re-sell them to retailers and consumers at artificially inflated prices. At the same time, dealers and manufacturers who are not part of the conspiracy can only purchase accurately graded stones, or over-grades stones, at a [*3]higher price, preventing them from competing with the conspirators. The complaint also alleged an unreasonable restraint of trade under the "rule of reason" standard. Plaintiff has pleaded a conspiracy among IGI Defendants and others, and facts showing that the conspirators possessed market power to produce a market-wide anticompetitive effect (see Global Reins. Corp.-U.S. Branch v Equitas Ltd., 18 NY3d 722, 731-732 [2012]).
The court properly dismissed the breach of contract claim against IGI NY, as plaintiff failed to plead existence of a contract. Plaintiff alleges that it "orally contracted with IGI [NY] to provide gradings of its diamonds and jewelry consistent with the IGI Group's grading standards across the globe" but that IGI NY refused to provide such consistent gradings. However, plaintiff has not pleaded a meeting of the minds, especially where the IGI Group website and IGI NY's Client Agreement disclaimed consistency.
Furthermore, since plaintiff has pleaded an underlying fraud, as well as an agreement and overt acts among the various defendants in furtherance of the fraud, as well as injury to plaintiff, we reinstate the allegations for conspiracy to commit fraud against IGI Defendants and BC (see Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401, 404 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021